STATE OF MISSOURI ex rel. SARAH E. GRAY et al., Relators, v. THOMAS C. HENNINGS, Judge, et al., Respondents.

St. Louis Court of Appeals, May 2, 1916.

1. APPEALS: Supersedeas: Operative on Non-monetary Judgment: Judgment Awarding Custody of Child. The phrase "stay of execution" in Sec. 2042, R. S. 1909, providing that the allowance of an appeal shall stay the execution, where the appellant enters into a recognizance in a penalty double the amount recovered, etc., is not confined to the stay of an execution in a technical sense, but operates wherever the judgment is of such character as to require something to be done to execute it, and includes the stay or suspension of all appropriate process or proceedings to enforce, or compel the performance of, a judgment that affirmatively

194 M. A.—35

commands something to be done; and hence an appeal from a judgment awarding the custody of a minor child and the giving of an appeal bond in the amount fixed by the court operate as a supersedeas, since the judgment is of such character as to require something to be done to execute it.

2. ———: ———: Not Operative on Self-Enforcing Judgments. Sec. 2042, R. S. 1909, providing for supersedeas upon an appeal being taken and a bond being given, does not apply to judgments that are self-enforcing, or, at any rate, are of such character as to require the aid of no writ, process or proceeding to make them operative or effective, as, e. g., a judgment suspending an attorney from the practice of his profession, or one revoking a saloon licence, or one granting an injunction that restrains action.

3. PROHIBITION: Prohibiting Execution of Superseded Judgment. A circuit court which undertakes to execute or enforce a judgment notwithstanding the judgment has been superseded by the taking of an appeal and the giving of a bond, pursuant to Sec. 2042, R. S. 1909, will be prohibited from taking such action.

PROHIBITION. ORIGINAL PROCEEDING.

RULE MADE ABSOLUTE.

*E. T. & C. B. Allen* and *A. H. Morris* for relators.

*R. P. & C. B. Williams* for respondents.

ALLEN, J.—This is an original proceeding instituted in this court to obtain a writ of prohibition directed to respondent, one of the judges of the circuit court of the city of St. Louis, prohibiting the carrying into effect of a certain order of that court during the pendency of an appeal therefrom.

The controversy out of which the proceeding before us arises pertains to the custody of a minor child of respondents William H. Waters and Frances D. Waters, viz., one William Henry Waters, about five years of age. It appears that these parents have been twice divorced and have three times intermarried within about six years. The second divorce was granted by the circuit court of the city of St. Louis, presided over by respondent judge,

on November 13, 1914, the court awarding the care, custody and control of the child to these relators, Sarah E. Gray, an aunt, and Jesse H. Waters, an uncle of the child, and reciting in the decree that either party, plaintiff or defendant in the divorce action, might at any future time apply for a modification thereof with respect to the custody of the child.

On February 8, 1916, the parents of the child, having remarried some months theretofore, filed joint application for a modification of this decree, relative to the custody of the child; and an amended application was filed on February 15, 1916. Acting upon the amended application, respondent, as judge of the circuit court, on March 13, 1916, made an order modifying the decree and awarding the custody of the child to its parents, they to pay the costs of the proceeding. Relators, after filing a motion for a new trial, which was overruled, filed their affidavit for appeal and were allowed an appeal to this court, the respondent judge fixing the appeal bond in the sum of $250, which was duly filed and approved. Thereupon, upon application of the child's parents, the respondent judge ordered that relators forthwith turn over and deliver the child to the parents, in compliance with the order modifying the original decree, to remain in the custody of said parents during the pendency of the appeal. Relators then applied to one of the judges of this court, in vacation, and were granted a preliminary writ in prohibition.

To relators' petition before us the respondent judge has duly filed a return which admits the material facts charged by relators; and the cause is now before us on a motion of relators in the nature of a demurrer to the return.

The question involved is whether or not the allowance of the appeal to this court and the giving and approval of the appeal bond operates to stay the carrying into effect of the order appealed from, during the pendency of the appeal. The action of the learned circuit judge, respondent herein, in directing that the child be taken from the custody of relators and delivered to its parents, notwith-

standing the granting of the appeal and the giving and approval of the bond, is predicated upon the idea that an appeal bond does not operate as a *supersedeas* in a proceeding of the character in question, under our statute. And this is the view advanced by respondent's counsel in opposition to the issuance of our peremptory writ.

The statute (Sec. 2042, Rev. Stat. 1909) provides that the allowance of an appeal shall stay the execution (1) when the appellant is an executor or administrator, guardian or curator, or is a county, city, etc., or (2) "when the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the adverse party in a penalty double the amount of whatever debt, damages and costs, or damages and costs, have been recovered by such judgment, together with the interest that may accrue thereon, and the costs and damages that may be recovered in any appellate court upon the appeal, conditioned," etc.

The position of respondent's counsel is that the proceeding is not one within the purview of the statute, and the appeal bond does not operate as a *supersedeas,* for the reason that no debt, damages or costs were recovered by the judgment appealed from. But we regard it as clear that the statutory bond operates as a *supersedeas,* even though the judgment is not one for debt or damages, and even though no costs below were recovered thereby. In any event the bond covers costs to accrue on appeal. And when fixed and approved it operates, by the command of the statute, to "stay the execution" of the judgment in all cases where the judgment is of such character as to require something to be done to execute it, or carry it into effect. The stay of execution referred to in the statute is not confined to the stay of an execution in its technical sense, but includes the stay or suspension of all appropriate process or proceedings to enforce or compel the performance of a judgment which affirmatively commands some thing to be done. [See State ex rel. v. Lewis, 76

Mo. 370; State ex rel. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961.]

It is true that certain judgments are held not to be within this statute, and remain in operation and effect notwithstanding the allowance of an appeal and the giving of the statutory bond. But these are judgments which may be termed self-enforcing, or which, at any rate, are of such character as to require the aid of no writ, process or proceedings to make them operative or effective. Thus it is said that a judgment suspending an attorney from the practice of his profession is not suspended, during appeal, by the giving of an appeal bond (see State ex rel. v. Woodson, 128 Mo. l. c. 518, 31 S. W. 105, citing Walls v. Palmer, 64 Ind. 493); and that the operation and effect of a judgment revoking a saloon license is not stayed or suspended pending an appeal with bond (see State ex rel. v. Denton, 128 Mo. App. l. c. 314, 107 S. W. 446). And it is held that an appeal, with bond, from a final decree granting an injunction which does not affirmatively command something to be done, but which restrains the commission of an act or acts, does not have the effect of dissolving the injunction or suspending the operation of the decree, pending the appeal (see State ex rel. v. Dillon, 96 Mo. 56, 8 S. W. 781); though the court rendering the decree may be called upon to take positive action, by way of contempt proceedings, to prevent a subsequent violation thereof.

In the last-mentioned case the court said:

"The appeal bond given operated as a *supersedeas* only on the process of execution; it suspends the performance of acts commanded to be done. A stay of proceedings from its nature operates only on orders and judgments commanding some act to be done and does not reach injunctions."

On the other hand it was held that where the circuit court appointed a receiver and placed him in charge of the property of a railway company, and an appeal was allowed from an order overruling a motion to vacate the appointment, and an appeal bond was given and approved, the execution of the order appointing the recei-

ver was stayed by virtue of the statute; that "the circuit court was in error in not requiring the receiver to let go when the appeal bond was approved and the appeal perfected;" that the court "did not have jurisdiction to retain the property by his receiver, after the bond was accepted, so as to become a *supersedeas*." [State ex rel. v. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961.] And see, also, State ex rel. v. Kline, 137 Mo. 673, 39 S. W. 272.

In Cuendet v. Henderson, 166 Mo. 657, 66 S. W. 1079, it was held that, upon appeal from an order of the probate court revoking letters of administration, the appeal bond, duly given and approved, operated as a *supersedeas,* and prevented the probate court from carrying into effect an order requiring the appellant to turn over the property in his possession to the administrator appointed to succeed him. And see also what is said in State ex rel. v. Bird, 253 Mo. l. c. 589, 590, 162 S. W. 119, where it was held that an order revoking the appointment of a guardian was stayed pending appeal therefrom.

In the case here under consideration the circuit court, by the order appealed from, awarded the custody of the minor child to its parents. Thereafter, despite the allowance of the appeal, with bond, the court made and sought to carry into effect an affirmative order commanding the child to be taken from the custody of these relators and turned over to its parents. Thus the court sought to *excute* the order appealed from. But, by the very terms of the statute, the execution of the order was stayed upon the granting of the appeal and the giving and approval of an appeal bond complying with the statutory conditions.

In State ex rel. v. Klein, supra, it is said:

"Section 2249 (Sec. 2240, Rev. Stat. 1909) expressly declares that, upon compliance with certain named conditions, the order allowing the appeal 'shall stay the execution.' We do not consider ourselves at liberty to nullify that clear command, even if we regard the security afforded by the terms of the bond prescribed by that section as in some cases inadequate to indemnify against the stay of proceedings."

It is true that the proceeding in question is not one "for the recovery of money or property, nor does it affect either," as learned counsel for respondent says. But this furnishes no reason why the appeal bond should not act as a *supersedeas*. It was merely a matter to be taken into consideration by the circuit court in fixing the amount of the bond. [State ex rel. v. Dillon, 98 Mo. l. c. 94, 11 S. W. 255.] When, upon the allowance of the appeal, the bond, in the amount fixed by the court, and conditioned as the statute requires, was given and approved, the hand of the court was perforce stayed, and it was powerless to proceed with the enforcement of the order appealed from, during the pendency of the appeal.

Our preliminary rule in prohibition should therefore be made absolute, and writ awarded accordingly. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.