Josephine Nolan, Appellant, v. John J. Nolan, Appellee.

Gen. No. 33,684.

Opinion filed May 14, 1930.

KERN, STIEFEL & STIEFEL, for appellant; JACOB J. KERN and CHARLES W. STIEFEL, JR., of counsel.

JOHN F. HIGGINS and MYER H. GLADSTONE, for appellee.

Mr. Presiding Justice Wilson delivered the opinion of the court.

The complainant, Josephine Nolan, filed her bill for divorce charging cruelty on the part of the defendant, John J. Nolan. The defendant filed his answer and a cross-bill charging the complainant with adultery. The cause was tried on an amended bill and answer thereto, amended cross-bill and supplemental cross-bill and answer. The chancellor who heard the cause dismissed the amended bill of complainant for want of equity and found for the cross complainant on his amended and supplemental cross-bill and granted him a decree of divorce because of adultery by the cross defendant. By the decree the chancellor returned the custody of the children to the cross complainant and provided that they should be placed in a school at his cost. From this decree complainant prayed and perfected an appeal and filed her bond. After the filing of the bond, on motion of solicitors for cross complainant, she was ordered to turn the custody of the children over to the school named in the decree. Upon refusal of the complainant and cross defendant to comply with this order, an order was entered directing the sheriff of Cook county to take the children into custody, from which order this appeal was taken.

But one question is involved in this case, viz.: Did the superior court of Cook county lose jurisdiction of the cause upon the filing of the bond and the perfecting of the appeal to this court? It may be stated as a general rule, that the filing of a bond and the perfecting of the appeal deprives the trial court of further jurisdiction in the cause, while the appeal is pending. It is insisted on behalf of counsel for cross complainant, however, that there should be an exception in the case of children, inasmuch as they are wards of the court. It is also urged that the said complainant was the custodian of the children under an order of the

court and, as such, was still amenable to its order in so far as the children were concerned.

The Divorce Act, chapter 40, ¶ 16, Cahill's Illinois Revised Statutes of 1929, makes provision for the payment of alimony during the pendency of an appeal. This appears to be the only exception to the rule.

The question of the custody of the children was one of the questions involved in the litigation and the complainant had the right to have this question reviewed by appeal, as well as any other question involved in the proceeding. The perfecting of the appeal operated to stay all further proceedings under the decree. 19 Corpus Juris 361. *State ex rel. Gray v. Hennings,* 194 Mo. App. 545; *In re Dupes,* 31 Cal. App. 698.

For the reasons stated in this opinion the order of the chancellor of the superior court is reversed.

*Order reversed.*

RYNER and HOLDOM, JJ., concur.