STATE OF MISSOURI AT THE RELATION OF FLOYD L. KEITH, RELATOR, v. HON. EMORY H. WRIGHT, JUDGE, RESPONDENT.—93 S. W. (2d) 1091.

Kansas City Court of Appeals. May 4, 1936.

*John F. Cell* and *George V. Aylward* for relator.

*C. D. Liter* for respondent.

CAMPBELL, C.—This is an original proceeding in prohibition. Preliminary writ was issued, the recitals of which will hereinafter be stated.

The material facts pleaded in the relator's petition and admitted in the respondent's return are as follows: That respondent Honorable EMORY H. WRIGHT is and was at all of the times mentioned in the petition the duly elected, qualified and acting judge of Division Number One of the Circuit Court of Jackson County, Missouri; that on October 23, 1933, the relator commenced an action for divorce against his wife, Vandette Keith, in the Circuit Court of said Jackson County; that said defendant was brought before the court by personal service; that thereafter plaintiff in said divorce action obtained a decree of divorce and was awarded the care, custody and control of the minor child born of the marriage which the decree dissolved; that the minor child was at that time two years of age and within the jurisdiction of said circuit court; that thereafter said child was in the custody, care and control of relator; that on or about November 21, 1935, the defendant in the divorce suit, whose name is now Vandette Bost, filed application in the divorce proceeding in which she sought to have the decree of divorce modified; that evidence was heard on the application and the cause was taken under advisement by the respondent until November 25, 1935, at which time respondent sustained said application and made an order therein, as follows:

"Now on this day comes the applicant, Vandette Bost, in person, and by her attorney, C. B. Liter, and the respondent, Floyd LeRoy Keith, in person, and by his attorney.

"This application for modification of decree for custody now coming on to be heard is submitted upon the application and evidence adduced; and the court, having heard the evidence, and being duly advised in the premises, finds that the allegations contained in the said application of the said Vandette Bost are true; that the conditions of the parties have changed since the decree for custody of the minor child, Joy Marlene Keith, was heretofore entered herein;

and that the said Vandette Bost, mother of the said Joy Marlene Keith is the proper person to have the custody, care and control of the said Joy Marlene Keith, the. minor child of the said applicant, Vandette Bost, and the said respondent, Floyd LeRoy Keith.

"WHEREFORE, It is ordered, adjudged and decreed by the court that the order, judgment or decree awarding the custody of the said minor child, Joy Marlene Keith, to the said respondent, Floyd LeRoy Keith, heretofore entered herein shall be modified, and as so modified shall provide that the custody, care and control of the said minor child, Joy Marlene Keith, daughter of Vandette Bost and Floyd LeRoy Keith, the parties hereto, be awarded to the said Vandette Bost for a period of six months; that the said Vandette Bost may and shall take the said minor child, Joy Marlene Keith, to the home of the said Vandette Bost, 116 Riverside, Terminal Island, County of Los Angeles, State of California; and that A. B. Steele, Probation and Juvenile Officer of the County of Jackson, State of Missouri, who now has custody of the said minor child, Joy Marlene Keith, under the order of this court, shall deliver custody of the said minor child, Joy Marlene Keith, to the said Vandette Bost; and the further hearing of this cause is continued to May 25th, 1936.

"EMORY WRIGHT, Judge."

That thereafter and on the same day and term the relator filed motion for new trial and motion in arrest of judgment which were taken up by the court and overruled and afterwards on the same day relator filed application and affidavit for an appeal from said order to the Kansas City Court of Appeals, which application for appeal was allowed by respondent; that on the same day relator presented to the court his bond for appeal from said order in the penal sum of $500, the amount fixed by respondent, and that said bond was duly approved.

The return alleged that the order above quoted "was interlocutory and nonappealable, and that the allowance of the appeal and approval of the appeal bond was improvident, void and without jurisdiction; further answering, respondent states that on the day following said allowance of the appeal and approval of the appeal bond, and upon the 26th day of November, 1935, and during the same November, 1935, term of the Circuit Court of Jackson County, Missouri, at Kansas City, and before notice was served upon said respondent of an intent on the part of relator to make application for a writ of prohibition, and before relator's petition for writ of prohibition was filed with the clerk of this court, respondent entered an order setting aside the aforesaid order allowing the appeal and approving relator's appeal bond; that said order is in words and figures as follows, to-wit:

" 'Now on this day the orders heretofore made herein sustaining plaintiff's application for an appeal herein, and approving the appeal bond herein is by the Court set aside and for naught held.' "

"(5) Respondent for further answer denies each and every allegation in paragraph 5 of relator's petition for writ of prohibition contained.

"(6) Respondent denies that he is illegally attempting to exercise jurisdiction in a proceeding pending in said court and in cause No. 425,030 and styled Floyd LeRoy Keith, plaintiff, v. Vandette Keith, now Vandette Bost, defendant, in which respondent has made an order modifying a decree of divorce in said cause by taking the custody, care and control of the minor child therein named from relator and delivering the same to defendant, Vandette Bost, and that he is attempting to and will illegally execute said order and carry the same into effect in excess of his jurisdiction, all in excess of his legal jurisdiction, power and authority, in violation of relator's right in the premises, as alleged in the preliminary writ of prohibition heretofore issued herein.

"Respondent respectfully states to this court that the aforesaid order providing for custody of the minor child was an interlocutory order and nonappealable. That the hearing of the proceedings aforesaid and the making of such order was within and not in excess of his jurisdiction; that the order of November 26th, 1935, setting aside the allowance of the appeal and the approval of the bond theretofore made was within and not in excess of his jurisdiction, that said cause is still pending before respondent; and that said respondent still retains exclusive jurisdiction thereof."

Paragraph 5 of the petition follows:

"Relator further states that he is without an adequate, efficient or effective remedy at law or otherwise unless this Honorable Court shall interpose its writ of prohibition, because the further efforts of relator would be unavailing in resisting the acts of respondent Hon. Emory H. Wright; and said attempted exercise of jurisdiction on respondent's part and carrying into effect of such order would cause said minor child to be taken from the care, custody and control of relator and transport said minor child to the state of California, beyond the jurisdiction of this court, and leave relator wholly without remedy unless respondent is restrained and prevented from said illegal act and from so doing, by a writ of prohibition issued by this court against the respondents."

The preliminary writ stated that it had been shown to this court that respondent was illegally attempting to exercise jurisdiction over relator in a cause ". . . . styled, Floyd LeRoy Keith, plaintiff, v. Vandette Keith, now Vandette Bost, defendant, and wherein respondent judge has made an order modifying a decree of divorce in said cause by taking the custody, care and control of the minor child therein named from relator and delivering the said to defendant, Vandette Bost, and notwithstanding the allowance of the appeal to the Kansas City Court of Appeals and the giving and approval of

the appeal bond operating to stay the carrying into effect of the order appealed from, is attempting to and will illegally execute said order and carry the same into effect in excess of his jurisdiction, all in excess of his legal jurisdiction, power and authority, in violation of relator's right in the premises, unless respondent above named is prohibited from so doing in the premises." The writ directed respondent to show cause "why a permanent writ of prohibition should not issue herein, prohibiting you from in any way exercising or attempting to exercise jurisdiction or attempting to carry out, enforce and execute said order of the said circuit court pending said appeal, and from taking any other or further steps or proceedings in said cause or touching the premises. And you are hereby commanded in the meantime to cause and desist exercising or attempting to exercise jurisdiction or attempting to execute or carry out said order of said court and in said cause or taking said minor child from the custody of the relator herein and remove the same beyond the jurisdiction of said court, or from taking any other or further steps in said cause or touching the premises; and herein fail not at your peril."

The allegations in the return to the effect that the order was interlocutory and not appealable, that respondent was not illegally exercising jurisdiction and that in setting aside the orders granting the appeal and approval of the bond the respondent was acting within his jurisdiction are legal conclusions and not the statement of issuable facts. The issuable facts pleaded disclose that after the order of November 25, 1935, was made the relator appealed, gave an appeal bond, which was approved, and that thereafter respondent set aside the orders granting the appeal and approving the bond.

When the appeal was set aside the order touching the custody of the minor child was in full force and effect provided, of course, that the respondent acted within his jurisdiction. The return discloses that respondent set aside the order granting appeal and the order approving the bond for the reason that he was of the opinion that he lacked power to make such orders and that he intended that the probation officer would execute the order of November 25 according to its terms. Thus the question presented is: Was the relator entitled to appeal from the order of November 23, 1935? If he were entitled to appeal the respondent was without power to set aside the order granting the appeal or the order approving the appeal bond.

The relator was not entitled to appeal unless right to do so has been created by statute. Section 1361, R. S. 1929 is in part, as follows:

". . . but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children or any of them as in other cases."

In construing this statute it must be borne in mind that the care and custody of a child or children awarded in a decree of divorce is

not a final order or judgment and that a court in such a proceeding is without power to make an order or render a judgment which would be final. The statute, section 1361, supra, says that in a divorce action "any order" touching the care, custody and maintenance of a child may be reviewed "as in other cases." The phrase "as in other cases" refers to the taking, perfecting and prosecuting appeals as provided in article 17, chapter 5, R. S. 1929. The term "any order" is all inclusive. The order in question deprived relator of the custody of his child for a period of six months. Undoubtedly, that order was one "touching . . . the care and maintenance" of relator's child. Hence, relator had right of appeal. The fact that the order provided for a further hearing did not deprive relator of the right of appeal. The appeal bond stayed the enforcement of the order from which the appeal was taken. [State ex rel. v. Hennings et al., 185 S. W. 1153.]

The respondent was without jurisdiction to set aside the order granting the appeal or the order approving the appeal bond. [In re-Grading Bledsoe Hill, 222 Mo. 604, 120 S. W. 1184.]

The provisional writ of prohibition should be and is made permanent. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The provisional writ of prohibition is made permanent. All concur.