238 S.W.2d 922 (1951)
GREEN
v.
PERR et al.
No. 28081.
St. Louis Court of Appeals, Missouri.
April 17, 1951.
Rehearing Denied May 18, 1951.
R. P. Smith, Cape Girardeau, for appellants.
J. Grant Frye, Cape Girardeau, for respondent.
BENNICK, Judge.
This is an appeal from a judgment entered against the principal and sureties on a supersedeas bond which had been given in connection with a prior appeal to this court from an order modifying a divorce decree as respects the custody of a minor child.
The divorce decree had been entered in an action brought by plaintiff, Golda M. Perr, against defendant, Eberhardt Perr. Plaintiff was thereafter married to one Green, with whom she is now residing in the state of Wisconsin.
*923 Subsequent litigation between the parties has concerned the custody of their minor child.
On October 22, 1948, the court modified the decree so as to provide that plaintiff should have custody of the child during the entire school year subject to defendant's right of possession during alternate weekends, and that defendant should have custody during summer vacations subject to plaintiff's right of possession on alternate week-ends.
Plaintiff undertook to appeal from the order modifying the decree, and gave a supersedeas bond which was conditioned, as required by statute, R.S.Mo.1949, sec. 512.080, for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal was dismissed or if the judgment was affirmed.
The appeal was dismissed upon the ground that notice of appeal had not been given in proper time, Perr v. Perr, Mo.App., 227 S.W.2d 490; and when our mandate reached the lower court, defendant filed his motion to enforce liability on the bond against plaintiff as principal and J. E. Linebarger and Ida M. Linebarger as sureties.
All costs of the unsuccessful appeal had been paid by plaintiff; and the only question to be determined on the motion was whether the obligors were liable to defendant under the bond for "damages for delay" because of the fact that during the pendency of the appeal defendant had been denied the part-time custody of his child which the order appealed from had awarded him.
At the hearing on the motion defendant testified that after the modification of the decree he had had great hopes of seeing his child, and had looked forward to the time when he would have the child with him; that he loved his child, and had been greatly worried and unable to get the subject off his mind; and that he had spent sleepless nights and had lost weight wondering about the child's condition.
The court found that defendant had been damaged in the sum of $1,000, the full penalty of the bond, and entered judgment accordingly.
Following an unavailing motion for a new trial, plaintiff and the sureties gave notice of appeal, and by proper successive steps have caused the case to be transferred to this court for our review.
Appellants argue that defendant's wounded feelings and mental distress growing out of his being deprived of the society of his minor child during a portion of the pendency of the appeal were too remote and speculative to form the basis for a money judgment for actual damages, and that his right of recovery should not extend beyond the collection of mere nominal damages.
The recognized purpose of a supersedeas bond is to stay the execution or enforcement, pending the appeal, of any order or judgment which commands or permits some act to be done, or which is of a nature to be actively enforced against the party affected, where the case is not within the class of cases in which the appeal itself operates as a supersedeas. State ex rel. Dean v. Douglas, 236 Mo.App. 1284, 165 S.W.2d 304. It is held, therefore, that an appeal from an order modifying a divorce decree with respect to the custody of a minor child comes within the purview of the statute, and does not stay the enforcement of the order in the absence of the giving of a supersedeas bond. This of course for the reason that the order is not self-executing, but requires something to be done to carry it into effect. State ex rel. Gray v. Hennings, 194 Mo.App. 545, 185 S.W. 1153; Ex parte Porter, Mo.App., 203 S.W.2d 748; State ex rel. Burtrum v. Smith, 357 Mo. 134, 142, 206 S.W.2d 558, 563; State ex rel. Keith v. Wright, 230 Mo.App. 555, 560, 93 S.W.2d 1091, 1093.
But even though it was necessary that a bond be given if enforcement of the order was to be stayed during the pendency of the appeal, and even though appellants admit a technical breach of the bond, they may still be held liable for only such damages, if any, as are covered by the bond when interpreted in the light of the statute under and by virtue of which the bond was *924 given. Abnerthy v. Schembra, Mo.App., 231 S.W. 1005.
By "damages for delay" is meant such damages arising from the delay occasioned by the appeal as may properly constitute legal damage to the party delayed. Ripka v. Philco Corporation, D.C.N.Y., 65 F.Supp. 21.
We can see no escape from the conclusion that the wounded feelings and mental distress which defendant suffered by reason of being deprived of the possession of his child during the pendency of the appeal and because of it did not constitute substantial legal damage within the terms of the bond and the meaning of the statute authorizing stay of execution upon the giving of a bond.
This is not to say that in a controversy between divorced parents over the custody of their minor child, the one deprived of an adjudicated right of custody by the appeal of the other may not be expected to suffer wounded feelings and mental distress. However it is to be borne in mind that Section 512.080 is not limited to appeals in child custody cases, but applies with equal force to every kind of appeal in which a bond may be required to stay execution of the judgment.
In the usual case it would certainly not be suggested that the respondent's displeasure or anxiety over the consequences of his adversary's appeal would constitute an item of recoverable damage in the event the appeal was dismissed or the judgment affirmed. Nor does the statute contemplate otherwise even where the nature of the particular case is such that the respondent's emotions may be more than ordinarily aroused by reason of the delay in securing satisfaction of his judgment. While the precise point was not before the court in State ex rel. Gray v. Hennings, supra, the whole tenor of the opinion unmistakably indicates the positive assumption by the court that the bond in a child custody appeal covers nothing but the costs of the appeal and such money judgment, if any, as may be affected by the appeal. It may be true that in certain types of cases, as in the case of an action for damages for the abduction of a child, the plaintiff's mental pain and anguish growing out of the abduction will be itself regarded as sufficient to give rise to an independent ground of recovery. However the rule is generally quite different with respect to the allowance of damages for matters of mere sentiment and the like; and we are convinced that no such speculative and indeterminable character of damage can constitute a proper basis for an award of actual damages within the condition of a supersedeas bond.
It follows, therefore, that the court was in error in undertaking to hold appellants liable on the bond for actual damages. But as we have already pointed out, appellants admit a breach of the bond, and concede respondent's right to a judgment limited to the assessment of mere nominal damages.
The judgment is accordingly reversed and the cause remanded with directions to the lower court to assess nominal damages in favor of respondent and against appellants, and to render judgment for the penalty of the bond with execution for the amount of the nominal damages so assessed. It is so ordered.
ANDERSON, P. J., and McCULLEN, J., concur.