**STATE of Missouri ex rel. Forrest William STONE, Relator,**

v.

**Franklin FERRISS, Judge of the Circuit Court of St. Louis County, State of Missouri, Division No. 6, Respondent.**

No. 31426.

St. Louis Court of Appeals.

Missouri.

Jan. 15, 1963.

Motion for Rehearing or for Transfer to Supreme Court Denied Feb. 11, 1963.

Charles M. Shaw, Claude Hanks, Clayton, for relator.

Forrest M. Hemker, St. Louis, for respondent.

WOLFE, Judge.

This is an original action in prohibition. It is brought in this court to prohibit the respondent Judge from passing upon an after-trial motion to award custody of children to the defendant in a divorce action. The motion was filed after judgment and after an appeal had been taken by the plaintiff, relator here, and a supersedeas bond had been approved and filed.

The following are the facts as they relate to the motion:

The relator Forrest William Stone brought suit for divorce against his wife, Dorothea Carla Stone. Dorothea Carla Stone in her answer denied the charges in the plaintiff's petition and sought a divorce on a cross-bill. She also pleaded a second count in which she asked that the children be awarded to her custody in the event a decree of divorce was denied to both parties.

The court found against the plaintiff on his petition for divorce and against the defendant on her cross-bill for a divorce. There was a finding for the defendant on Count II of her pleading awarding her the custody of the children, who were at that time, and had been prior to the suit for divorce, in the plaintiff-relator's custody.

After the decree and within time, the plaintiff filed his notice of appeal and posted a supersedeas bond in the sum of $5,000 approved by the court.

After the appeal and the posting of the supersedeas bond, the defendant in the divorce case filed a motion for alimony pendente lite, suit money, and attorney's fees. In the motion, in addition to the money sought, she requested that she be awarded custody of the children during the pendency of the appeal. The trial judge indicated that he was about to proceed to hear and determine the request for custody of the children pending the appeal, and the plaintiff below sought this writ.

We have but one question before us, and that is the jurisdiction of the trial judge to make such an order pending the appeal and after a supersedeas bond had been filed by the appealing plaintiff.

If the trial court had the power to order the appealing plaintiff to turn the children over to the defendant, it would be executing an order from which an appeal had been taken. In State ex rel. Gray et al. v. Hennings, 194 Mo.App. 545, 185 S.W. 1153, this court ruled that under such circumstances, the power of the trial court was stayed and it was powerless to proceed with the enforcement of the order appealed from during the pendency of the appeal. We restated this rule in Green v. Perr, Mo.App., 238 S.W.2d 922. The Missouri Supreme Court made a like holding in State ex rel. Burtrum et al. v. Smith, 357 Mo. 134, 206 S.W.2d 558, and citing with approval State ex rel. Gray et al. v. Hennings, supra.

In view of this, it appears to us that the law is well established and that the trial judge was without authority to grant custody of the children to the defendant pending the appeal. Since this portion of the motion presented to the court no justiciable issue, the respondent would be acting in excess of his jurisdiction in assuming to entertain it. State ex rel. State Highway Commission v. Elliott, Mo.Sup., 326 S.W.2d 745.

The preliminary rule in prohibition is made absolute.

ANDERSON, P. J. and RUDDY, J., concur.