**STATE of Missouri ex rel. Forrest William STONE, Relator,**

v.

**Franklin FERRISS, Judge of the Circuit Court of St. Louis County, State of Missouri, Respondent.**

No. 50026.

Supreme Court of Missouri,

En Banc.

July 8, 1963.

Charles M. Shaw, Clayton, for relator.

Forrest M. Hemker, Greensfelder, Hemker & Wiese, St. Louis, for respondent.

HOLLINGSWORTH, Judge.

This is a proceeding in prohibition originally filed in the St. Louis Court of Appeals. Following rendition of an opinion therein, 364 S.W.2d 49, this court, on application of respondent, ordered the cause transferred to this court en banc for hearing and determination, in accordance with Article V, § 10, Constitution of Missouri, V.A.M.S., and S.Ct. Rule 84.05, V.A.M.R.

The questions presented arise out of an action brought by relator in the Circuit Court of St. Louis County against his wife, Dorothea Carla Stone, wherein relator sought a divorce and custody of their four minor children [1] and in which defendant, in the first count of her answer, sought a divorce from relator and custody of said children; and in the second count thereof, by alternative cross claim invoking the equitable jurisdiction of the court, prayed that, in the event the relief was denied relator as sought in his petition and defendant as sought in her cross-bill, the court award her custody of the children and judgment for their support.

Trial of these issues by respondent as judge of said circuit court resulted in a decree entered August 1, 1962, dismissing with prejudice both relator's petition and defendant's cross-bill. On defendant's cross claim, respondent found that relator was unfit to have permanent custody of said children; that defendant was a devoted, conscientious and capable mother; that relator walked out of the home with the children on August 21, 1961, and went to live with them in his mother's home; that it would be in the children's best interest to be in the care and custody of their mother, subject to relator's right of reasonable visitation and reasonable temporary custody. The decree accordingly awarded defendant custody of the children, subject to the right of relator to have temporary custody at the times in said decree expressly set forth; and awarded defendant the sum of $500 per month for their support.

Relator appealed from the decree in its entirety and filed an appeal bond in the amount of $5,000. Defendant appealed from that part of the decree dismissing her cross-bill. After these appeals were taken, defendant filed motion for attorneys' fees

1. Philip Andre, born October 15, 1954; Jeffrey Charles, born September 15, 1953; Forrest Carl, born April 5, 1952; and Pamela Lynne, born December 4, 1950.

and suit money, for support pending the appeals and for temporary custody and support of the children during the pendency of the appeals and until the St. Louis Court of Appeals, by its mandate, directed respondent as to its final decision in the case. Relator then filed his "Petition and Affidavit for Disqualification of Judge", which respondent denied.

Relator's petition for prohibition was then filed in the St. Louis Court of Appeals. The petition alleged that defendant's motion for temporary custody pending appeal "is a new and separate cause of action and by said Motion Defendant, Dorothea Carla Stone, in Cause No. 242461 is seeking to obtain custody of the minor children, when in fact the custody is now with Forrest William Stone, Plaintiff herein, and a supersedeas bond has been duly filed and approved." Respondent's return admitted the facts well pleaded in relator's petition. In due course, following submission, the court of appeals, in an opinion rendered, held that respondent, as judge of the Circuit Court of St. Louis County, was without jurisdiction after an appeal with bond to entertain an after-trial motion for temporary custody of children during the pendency of the appeal and made its provisional rule in prohibition absolute. Respondent filed motion for rehearing and, in the alternative, sought transfer of the cause to this court, which motion was denied. Respondent petitioned this court for transfer, which, as stated, was sustained.

The verified after-trial motion for custody of the children, which is embraced in paragraph 5 of defendant's motion for other orders pending appeal, reads as follows:

"On the 21st day of August, 1961 the plaintiff took the four children of the parties away from the home of the parties and to the home of plaintiff's mother at Imperial, Missouri, where they have ever since remained. This action was filed on August 22, 1961. Thereafter, and until April 18, 1962 plaintiff refused to permit defendant to have custody of the children and only allowed defendant to visit the children for short periods of time on the premises at the home of plaintiff's mother. At no time was defendant allowed to be with the children without plaintiff or plaintiff's mother being in close proximity. By order entered herein on April 18, 1962 plaintiff was ordered to allow defendant to see the children for a period of two hours uninterfered with beginning at 10:30 A. M. on Sundays on the premises at the home of plaintiff's mother at Imperial, Missouri. After the decree entered herein on August 1, 1962, defendant requested the plaintiff to deliver said children to the defendant in accordance with said decree. Plaintiff failed and refused to do so, and still fails and refuses to do so. During the pendency of this action, and after the trial thereof, and to this date plaintiff maintains an attitude of hostility toward defendant, and has at all times since August 21, 1961 stated to defendant that he will never permit defendant to have custody of the children, and will fight defendant through the Courts and finally leave the country with the children if necessary to keep them away from defendant. Since August 21, 1961, it is impossible for defendant to maintain any semblance of a normal relationship with her children, and to give to them the company, companionship, love, affection, care and nurture essential to their growth, development, emotional stability and general welfare. By reason of the long separation of defendant from all meaningful contact with her children from August 21, 1961 to this date, the normal affection of said children for their mother is, and will in the future become dormant, and the children will be further alienated from their mother. At the home of plaintiff's mother the care of the children is entrusted to plaintiff and to elderly persons who are incapable of giving the children the maternal love and care essential to the nurture of children of tender years. The contin-

ued separation of the children from their mother during the pendency of this action on appeal will involve an additional critical period in the formative years of the lives of the children of from 9 months to 12 months, during which the children will be deprived of the care and love and affection of their mother, all to their irreparable injury and damage. The best interest of the children demands and requires that said children be temporarily placed in the care and custody of the defendant, and defendant awarded a reasonable sum for their support and maintenance during the pendency of this action on appeal so that said children will be enabled to re-establish a normal mother-child relationship with their mother, the defendant."

The question for determination on the merits of the motion is whether, when relator appealed from the decree entered in the divorce case and filed supersedeas bond, in the amount and with sureties as required by the court and as prescribed by § 512.080,[2] the chancellor was vested with jurisdiction to hear and determine an after-trial motion for temporary custody of the children pending the appeal, the statute notwithstanding.

The opinion of the St. Louis Court of Appeals held: "If the trial court had the power to order the appealing plaintiff to turn the children over to the defendant, it would be executing an order from which an appeal had been taken. In State ex rel. Gray et al. v. Hennings, 194 Mo.App. 545, 185 S.W. 1153, this court ruled that under such circumstances, the power of the trial court was stayed and it was powerless to proceed with the enforcement of the order appealed from during the pendency of the appeal. We restated this rule in Green v. Perr, Mo.App., 238 S.W.2d 922. The Missouri Supreme Court made a like holding in State ex rel. Burtrum et al. v. Smith, 357 Mo. 134, 206 S.W.2d 558, and citing with

approval State ex rel. Gray et al. v. Hennings, supra."

State ex rel. Gray v. Hennings, supra, so holds. Relator insists that to hold otherwise would allow enforcement of a possibly erroneous decision and, in effect, destroy an aggrieved appellant's right of appeal; and that the statute declares the public policy of the state cannot and should not be overruled. Respondent says that: "If the Gray case is controlling, it is a fact that there is a period between the entry of the decree and the final determination of the case on the merits by the Appellate Court, during which one or the other of the spouses does not have and cannot obtain a Court order with respect to custody or visitation, however much the welfare of the children calls for such action." Respondent also further contends that the decision of this court in the Burtrum case does not approve the holding in the Gray case but, to the contrary, strongly suggests that it should not be followed, especially under pleadings and facts such as are found in the instant case; and that, in any event, the Gray case should no longer be followed.

In the Burtrum case, State ex rel. Burtrum v. Smith, Judge, 357 Mo. 134, 206 S.W.2d 558, Myrtle Burtrum obtained a divorce from Joe Burtrum in the Circuit Court of Jackson County and was awarded custody of their minor child, Ronald, during certain periods of each year. She appealed only from the portion of the decree limiting her custody of the child to certain portions of the year and gave a supersedeas bond. Pending the appeal, Joe, by petition for habeas corpus filed in the Circuit Court of Newton County, sought to regain custody. This court, on petition of Myrtle (and her parents), prohibited the Circuit Court of Newton County from entertaining jurisdiction of the habeas corpus proceeding, declaring, 206 S.W.2d loc. cit. 562:

"Judge Smith's counsel makes two other contentions. They urge, first,

2. All statutory references herein are to RSMo 1959, V.A.M.S.

that his court may properly ascertain in the habeas corpus case whether Joe Burtrum had custody of the minor child when his wife instituted the divorce suit, citing Sec. 1526, R.S.1939, Mo.R.S.A. [now § 452.150], and State v. Huhn, 346 Mo. 695, 699(1), 142 S.W.2d 1064, 1066(1). We do not agree. That decision merely construed the cited statute as meaning that if a married couple are living apart, the parent who has custody of the unmarried minor children when a suit to adjudicate their custody is instituted, shall retain it exclusively during the pendency of the suit. It did *not* hold the issue of custody could be determined in habeas corpus while it was involved in a pending divorce suit previously brought. Furthermore, the circuit court here had finally adjudicated that issue and the plaintiff Myrtle Burtrum had appealed, giving a supersedeas bond which preserved the status quo pending the appeal. State ex rel. Gray v. Hennings, 194 Mo.App. 545(1), 185 S.W. 1153(1); * * *.

"If ad interim orders respecting the custody of the child can be sought pending the appeal, the petition must be addressed either to the circuit court which rendered the divorce decree, or to the proper Court of Appeals. It is held under [now § 452.070] that the *trial* court may allow alimony pendente lite even after a final divorce decree and appeal. Jones v. Jones, Mo.App., 164 S.W.2d 162(1); State ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo. 135, 138. And the same statute grants the right to adjudicate the custody of minor children. See the Morgan case, supra [117 Mo. 249, 21 S.W. 1122], and Annotations, 163 A.L.R. pages 1319, 1321, 1326; 82 A.L.R. page 1147. We are not deciding whether the circuit or appellate court has the power; and make the above citations only to show that no third court can interfere by habeas corpus against either."

In the early (1893) case of In re Morgan, 117 Mo. 249, 21 S.W. 1122, above cited, this court (by majority vote; see dissent 22 S.W. 913), after noting what is now § 452.070, said, 21 S.W. loc. cit. 1123:

"While the statute does not in terms say the circuit court shall have power to make ad interim orders concerning the custody of children, still the general power granted by the statute carries with it the power to make such temporary orders. * * * Statutes like the one in question exist in many, if not most, of the states; and it is generally held that they give the court ample power to make orders concerning the custody of children while the suit is pending."

Obviously, the instant case is pending until its final disposition on appeal. Nolker v. Nolker, Mo., 257 S.W. 798, 807.

Relator's petition averred that § 452.150 denied respondent the right to make an ad interim order relating to temporary custody of the children pending the appeal. That section provides that a father and mother living apart are entitled to an adjudication with respect to custody of their children; and that pending such adjudication the parent who has custody shall have the right of custody. We think it would require a narrow construction of the true meaning and effect of that section to hold it applicable under the facts of this case, where, it is alleged, the husband, on August 21, 1961, took the children from the home of the parties and took them to the home of his mother and on the following day brought an action for divorce. But, be that as it may, the question is: Does the statute divest the trial court of its inherent jurisdiction to adjudicate temporary custody of the children pending appeal upon proof that during that interim their welfare is materially endangered?

In Ex parte Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286, this court said, 226 S.W. loc. cit. 939–940:

"In the evolution of equitable jurisdiction we find that in a proper case, where it appears that the welfare of the infant will be best promoted by removing it from the custody of its guardian, this power may be exercised, although it may result in taking the child from its own parents or in placing it in the custody of one to the exclusion of the other. The paramount right of a father to such custody, upon which this court has explicitly ruled (State ex rel. Crockett v. Ellison, 271 Mo. 416, 196 S.W. 1140), need not be considered, and, while it may be conceded, as a general proposition, it will not suffice to shorten the arm of equity to prevent its reaching the father to deprive him of the child's custody and transfer it to the mother, where by his moral turpitude he has forfeited the right to such custody. * * *

"* * * Cases which hold that a court's right to the determination of the custody of children is dependent upon a decree of divorce will be found upon an examination to be limited to those in which the right to the custody was sought as an incident to the suit for the decree, and not, as in the instant case, to the purely equitable ground of the unfitness of the father to continue in the exercise of that right. In the majority of the cases cited in this opinion in support of the court's jurisdiction the gravamen of the action was not to secure a decree of divorce, but to determine the custody of the children. In Wellesley v. Wellesley, supra, which may be considered as one of the leading cases on the subject, the purpose of the suit was to determine the custody of minors. In numerous other cases where a decree of separation was sought and denied the courts have nevertheless awarded the custody of minor children to one parent or the other as the facts warranted. [Cases cited.]"

Since that opinion came down, it has been consistently held in this state that an action between the father and mother with respect to custody of minor children *is not one born of the statute,* § *452.150;* rather does the statute declare the law as it already existed in courts of equity. And, when minor children are *properly* before any court for any purpose and their welfare is involved, they become wards of that court with respect to the issues of the case and that court has inherent jurisdiction to adjudicate the custody of the children as it deems will best preserve and protect their welfare. Such is the public policy of the state. I——— v. B———, Mo.App., 305 S.W.2d 713, 722. See also State ex rel. Couplin v. Hostetter, 344 Mo. 770, 129 S.W. 2d 1, 4; In re Duncan, Mo., 365 S.W.2d 567, 571; 27 Mo.L.R., p. 406.

We think those principles are sound and abiding and that, when the pleadings and facts warrant their application, they should be followed. In so holding, we do not overlook the line of cases holding that where a divorce is denied, the court may not adjudge custody of the children. See Price v. Price, Mo.App., 311 S.W.2d 341, 348–349; Green v. Perr, Mo.App., 238 S.W.2d 922, 923. But as noted in the Price case, supra, 311 S.W.2d loc. cit. 348, the pleadings therein did not invoke "[t]he inherent jurisdiction of a court of equity to provide for the comfort and well-being of minor children as against the parent." In the instant case, not only did the defendant wife seek custody of the children as a matter of parental right under the cross-bill but she also sought custody of them in a separate count in equity, predicated primarily upon grounds that their welfare required that their general custody be in defendant, subject to the right of relator of visitation. We are not here concerned with the wisdom of the decree rendered on the merits in that respect, nor for that matter are we here concerned with the merits of any ruling that the trial court may make either as to the

sufficiency of the motion for ad interim custody or as to its merits. Our concern is only whether the trial court had jurisdiction to hear and determine the motion.

But, first, as to the refusal of respondent to sustain relator's motion to disqualify respondent and call in another judge: S.Ct. Rule 88.08 provides that in suits for divorce or separate maintenance the provisions of the rules of civil procedure with respect to joinder of separate claims and causes of action shall be permitted. In accordance with that rule, it is now permissible to join other justiciably equitable issues between the parties plaintiff and defendant with an action for divorce. Dallmeyer v. Dallmeyer, Mo., 274 S.W.2d 250; Builderback v. Builderback, 241 Mo.App. 508, 244 S.W.2d 377. So it is also clear, we think, that in a divorce action, where, as here, defendant, in a separate count invokes the equitable jurisdiction of the court seeking a decree awarding her custody of the children irrespective of the outcome of plaintiff's petition and her cross-bill for divorce, the conscience of the court must protect not only the public interest but the welfare of the children of the parties litigant at all stages of the proceedings. In re Morgan, supra, 21 S.W. loc. cit. 1123; In re Badger, supra; State ex rel. Couplin v. Hostetter, supra, 129 S.W.2d loc. cit. 4; In re Duncan, supra, 365 S.W.2d loc. cit. 571. Both counts of defendant's answer, i. e., her cross-bill and her equitable cross claim, constituted but one action, both counts of which were triable only to the court. Once the parties announced ready for trial on all of the issues and went to trial to the same judge and the judge entered a decree awarding custody of the children to defendant under her equitable cross claim, an anomalous situation would indeed ensue in permitting one of the parties to disqualify that judge from making any ancillary ad interim order which he had jurisdiction to make. The contention made by relator in that respect is without merit.

The Burtrum case, supra, 206 S.W.2d 558, found it unnecessary to consider the question of whether an ad interim order awarding temporary custody pending appeal should be addressed to the trial court or to the proper appellate court. However, the case of In re Morgan, supra, 21 S.W. 1122, cited therein, had long since decided that precise question. Also, in the case of State ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo. 135, this court considered whether the court of appeals had jurisdiction to determine ad interim orders for suit money, etc., and held that an appeal from a decree in a divorce suit to the St. Louis Court of Appeals vested that court with the jurisdiction to hear and determine the cause solely on the record and it had no authority to make an allowance against the respondent in favor of the appellant for the payment of her attorney's fees and expenses of prosecuting her appeal. Thereafter, this court, en banc, in the case of State ex rel. Kranke v. Calhoun, Judge, Mo., 232 S.W. 1038, 1040, affirmed a decision of the St. Louis Court of Appeals holding that the trial court, and only the trial court, could make an order for alimony pendente lite and suit money pending an appeal. We think it must inevitably follow that the trial court is possessed of jurisdiction to make an ad interim award of custody of these children, as wards of the court, upon pleading and showing of facts that their welfare, as distinguished from the personal and parental rights of relator and the defendant wife, so requires.

The statutory bond given by relator, under § 512.080, is conditioned "for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay,

unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages, or when such property is in the custody of the sheriff, or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay."

█ It has been held that in the instance of the breach of such a statutory bond given by a spouse in an attempted appeal from an order modifying a custodial decree made under the statute in a divorce case, such bond affords no relief to the appellee for any damages other than such damages as may be lawfully reckoned in money. In the instant case, the wife would have no right of recovery by reason of being deprived of the custody of her children during the pendency of the appeal on account of her mental distress, etc. Green v. Perr, supra, 238 S.W.2d 922, 923. We think, therefore, it logically follows that no judgment could be awarded her, either as a parent or natural guardian under such a bond, as compensation for any physical, mental, moral or spiritual hurt done the children by reason of their custody being in relator pending the appeal, however irreparable any of those hurts might be.

The decision in the Gray case (State ex rel. Gray et al. v. Hennings, 194 Mo.App. 545, 185 S.W. 1153) is based upon the divorce statutes. There, the parents, twice divorced and three times intermarried, jointly sought modification of a decree priorly entered in one of their divorce actions awarding the custody of their children to an aunt and uncle of the husband. The trial court granted the relief sought. The aunt and uncle appealed and gave a statutory supersedeas bond. The trial court, upon application of the parents, however, ordered the aunt and uncle forthwith to deliver the children as in its decree directed.

There is nothing whatever in that case tending to show that preservation of the welfare of the children was of such immediate concern during the pendency of that appeal as to call for an exercise of the equitable powers of the trial court to make any ad interim order in that respect. Rather does it appear that the trial court had decided the merits of the case as an incident of the divorce statutes, predicated upon the well-known principle of the law of domestic relations that, in the absence of compelling reason to the contrary, the parents are entitled to the custody of their children as against the world; and that the trial judge then undertook to compel general execution of its final decree despite pendency of the appeal or the outcome thereof. In this case, the court is asked only to award temporary custody pending final disposition of the appeal.

█ In the motion before us, the welfare of the children during the pendency of the appeal has been brought squarely before the chancellor. These children became wards of the court upon joinder and trial of the issue presented under defendant's cross claim. Our conclusion is that the jurisdiction of that court to make an ad interim order with respect to their temporary custody pending the appeal, upon pleading and proof that their welfare is substantially endangered during that period, is not divested by the giving of the statutory supersedeas bond. See Vol. 27 Mo.L. R. 406–479.

The provisional rule in prohibition is discharged.

All concur, except HOLMAN, J., not sitting.