In the Matter of the Application of B.M.P.
Inquiring into the Illegal Detention of
M.E.P., a Minor, Petitioner,

v.

G.H.P., Respondent.

No. 43361.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 10, 1981.

Richard B. Dempsey, Clayton, for petitioner.

Frederick H. Schwetye, Jenny, Cole & Eckelkamp, Union, for respondent.

DOWD, Presiding Judge.

This is a habeas corpus proceeding brought by the mother of a minor child seeking custody of the child from the father.

Petitioner-mother, B.M.P., was married to respondent-father for approximately twenty years. On June 20, 1980 a decree of dissolution of this marriage was entered in the circuit court of Franklin County, Missouri. The dissolution decree awarded the primary care and custody of M.E.P., the ten year old minor child in issue in these proceedings, to respondent. Thereafter, petitioner filed a notice of appeal to this court and filed a supersedeas bond with the circuit court. Petitioner retained physical custody of M.E.P. after the decree was entered, but on September 2, 1980 respondent regained physical custody by removing the child from her school.

Petitioner brought this habeas corpus action on September 4, 1980, contending that the supersedeas bond stayed enforcement of the award of custody and thereby entitled petitioner to physical custody of M.E.P. pending the appeal of the dissolution proceeding. Because respondent's return to the writ alleged that petitioner was unfit to have actual custody of the minor child, we

certified the cause to the Franklin County Circuit Court for an evidentiary hearing under the authority of Section 211.051 RSMo 1978. An evidentiary hearing was held in the Franklin County Circuit Court before Judge Emil L. Poertner, who recommended that it would be in the best interests of the child to remain with respondent during the pendency of the appeal from the dissolution decree.

The decree of dissolution, in awarding custody of M.E.P. to respondent, found that petitioner was not a fit and proper person to have custody of the minor child. Respondent was found to be a fit and proper person to have custody and that the best interests and welfare of the child would be served by awarding custody to him. Petitioner has instituted an appeal of the dissolution decree and has indicated an intent to challenge the finding of unfitness and the award of custody to respondent. Under these circumstances we first must examine the propriety of our certification of this cause for an evidentiary hearing on the custody issue.

█ Absent unusual circumstances a writ of habeas corpus may not as a general rule be employed to interfere with the jurisdiction of the circuit courts in dissolution proceedings to determine and award custody of a minor child. Even when petitioner's fitness to have custody of the child is properly raised the general rule is applicable in the absence of unusual circumstances.[1] *Matter of R.I.P.*, 530 S.W.2d 275, 276 (Mo. App.1975).

█ Thus, when there is a pending motion to modify a divorce court's earlier order of custody the writ of habeas corpus will not be utilized to determine fitness or

1. Circumstances sufficient to permit the employment of the writ of habeas corpus when there has been a prior award of custody in a divorce proceeding include cases in which the jurisdiction of the divorce court abated due to the death of a parent to whom custody had been awarded. *In re Shepler*, 372 S.W.2d 87

(Mo. banc 1963); *G.C.J. v. G.G.*, 510 S.W.2d 193 (Mo.App.1974). *See also In re Duncan*, 365 S.W.2d 567 (Mo. banc 1963). Habeas corpus is also proper where the order awarding custody is challenged because of an illegality appearing on the face of the record. *Fleming v. Fleming*, 562 S.W.2d 168 (Mo.App.1978).

custody.[2] *In re Wakefield*, 365 Mo. 415, 283 S.W.2d 467, 472 (Mo. banc 1955); *In re L.G.*, 502 S.W.2d 33, 35 (Mo.App.1973). The writ also will not be employed when a petition for dissolution of marriage has been filed and the dissolution case is pending in the circuit court. *State ex rel. Lackey v. Hoester*, 599 S.W.2d 272, 273 (Mo.App.1980). In *State ex rel. Burtrum v. Smith*, 357 Mo. 134, 206 S.W.2d 558 (Mo. banc 1947) a writ of habeas corpus seeking custody of a minor child was brought in circuit court by the child's father while the mother's appeal from a divorce decree was pending in the Kansas City Court of Appeals. One of the issues on appeal involved the divorce court's award of custody. The circuit court was prohibited from proceeding with the habeas corpus case because the appellate court had acquired exclusive jurisdiction of the custody issue due to the appeal of the divorce case.

■ The cases discussed above are based upon the principle that where there is an adjudicatory forum available to the parties another court should not determine fitness or custody in a habeas corpus proceeding. In this case the petitioner's fitness and the award of custody were adjudicated in the dissolution proceeding and these issues are pending on appeal. In this setting we cannot make a determination concerning fitness and custody by writ of habeas corpus. Therefore, our reference to the Franklin County Circuit Court for an evidentiary hearing as to fitness under Section 211.051 was improvidently made.

In this habeas corpus proceeding petitioner contends that she had a lawful right to custody of M.E.P. during the pendency of the appeal from the dissolution proceeding because she filed a supersedeas bond fixed in the amount of one hundred dollars with the circuit court. Petitioner argues that the filing of the supersedeas bond pursuant to Section 512.080 RSMo 1978 stayed enforcement of the dissolution decree's award of custody and thereby entitled her to retain physical custody of the child pending the appeal. We disagree.

The filing of a supersedeas bond to stay the execution of an award of custody has been recognized.[3] However, in those cases recognizing that the bond could stay execution it does not appear that there had been a prior adjudication in which one of the parties was found not fit to have custody of the minor child in issue.

■ The filing of a supersedeas bond does not create an absolute right to stay all proceedings of the circuit court where the custody of a minor child is involved. For example, in *State ex rel. Stone v. Ferriss*, 369 S.W.2d 244 (Mo. banc 1963) the filing of a supersedeas bond did not operate to divest the divorce court of jurisdiction to make a determination of temporary custody pending the appeal of the divorce proceeding where the claim which sought temporary custody of the minor children was based on the welfare of the children.[4]

■ The court in a dissolution proceeding is required to determine custody of the mi-

2. Where there has been a prior award of custody in a divorce proceeding and there is no motion to modify pending in the circuit court a writ will not be employed to determine fitness or custody. The circuit court which granted the divorce decree retains jurisdiction of the minor child and is the proper forum to adjudicate fitness or custody. *In re R.L.K.*, 508 S.W.2d 232, 233–34 (Mo.App.1974); *Tripp v. Brawley*, 261 S.W.2d 508, 510 (Mo.App.1953).

3. *Green v. Perr*, 238 S.W.2d 922, 923 (Mo.App. 1951); *State ex rel. Burtrum v. Smith*, 357 Mo. 134, 206 S.W.2d 558, 563 (1947); *Ex parte Porter*, 203 S.W.2d 748, 749 (Mo.App.1947); *State ex rel. Keith v. Wright*, 230 Mo.App. 555,

93 S.W.2d 1091, 1093 (1936); *State ex rel. Gray v. Hennings*, 194 Mo.App. 545, 185 S.W. 1153, 1154–55 (1916).

4. In *Ferriss* the petition and cross-bill of the parties were dismissed with prejudice. But the wife was awarded custody on her cross claim which sought custody based on the welfare of the children irrespective of the outcome of the divorce action. On the cross claim the father was found unfit to have permanent custody and that it would be in the best interests of the children to be in their mother's care and custody. Thereafter, both mother and father appealed from the decree, with the father filing a supersedeas bond. Under these circumstances

nor child in accordance with the best interests of the child. Section 452.375 RSMo 1978. In this case the dissolution court made a specific finding that petitioner was not a fit and proper person to have custody of the minor child and that it would be in the best interests of the child to be in respondent's care and custody. Respondent, in his return to the writ, alleged that petitioner was not a fit and proper person to have custody of the child. The dissolution court did not make any order concerning a temporary award of custody during or following the dissolution proceedings. The paramount concern in all proceedings involving custody of a minor child is the welfare of that child. Different considerations are presented where the custody of a minor child is in issue as compared to situations involving mere property rights. We hold that the giving of the supersedeas bond did not thereby entitle petitioner to custody of M.E.P. during the pendency of the appeal under the circumstances herein.

█ Petitioner has also requested the allowance of attorney's fees for this proceeding. While a habeas corpus proceeding may at times be equitable in nature, it is not a suit in equity. This court does not have the power to award attorney's fees in this proceeding. *In re L.G.*, 502 S.W.2d 33, 36 (Mo.App.1973).

The writ of habeas corpus heretofore issued is quashed.

STEWART and STEPHAN, JJ., concur.

---

the trial court was found to possess jurisdiction to make an ad interim award of custody even though a supersedeas bond had been given.