East & West Coast Service Corporation *v.* Papahagis, Appellant (No. 2).

Argued January 19, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George H. Detweiler,* with him *Robert A. Detweiler,* for appellant.

*William Sandberg,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 23, 1942:

This case grows out of the case between the same parties, No. 83, January Term, 1942, this day decided by us. It is an appeal from the order of the court below making absolute the duly served rule for attachment for contempt of court because after the court declared the defendant a trustee of all profits earned and directed him to account for and pay over all such profits to plaintiff, the defendant did not do so. These proceedings for attachment were begun before the defendant took his appeal in No. 83. The final decree was entered in No. 83 on August 27, 1941. On October 15, 1941, a rule was entered to allow attachment to issue against defendant for failure to comply with the decree of the court. Defendant answered the petition for this rule on October 29, 1941. The rule was made absolute on November 7, 1941. On November 19, 1941, a certiorari was issued from the Supreme Court in No. 83. On December 11, 1941, an order was made and filed releasing the defendant from custody upon posting bail in the sum of $5,000. On the next day this bail with approved surety was posted.

Appellant claims that in the decree of the court no time was fixed within which the act decreed had to be done, as is prescribed by Equity Rule No. 86 and claims also that the defendant could not assign his interest in the contract in question because the contract was cancelled by the third party (the Hotel Company) two months and one day before the decree was entered. Appellant also declares that "during the progress of the case the chancellor said that if he found for the plaintiff, he would no doubt appoint an auditor and the defendant declared in writing his willingness to turn his books unto the custody of the court or an auditor appointed by the court."

It is the proper practice under rule 86 to "prescribe the time within which the act shall be done." In the absence of a definite time fixed by the decree, the time must be construed as either forthwith or within a reasonable time. The order to the defendant to assign "all of his interest" in the contract could have been complied with even though the contract had been cancelled. "Ordinarily the method of enforcement of a decree in equity falls within the sound discretion of the chancellor, and the grant or refusal of an attachment for contempt is consequently reviewable only for an abuse of that discretion.": *Davidyan et ux. v. Davidyan,* 333 Pa. 465, 466, 3 A. 2d 921. "Each court is the exclusive judge of contempts committed against its process" and on appeal its action will be reviewed only "when a plain abuse of discretion appears.": *Ross v. Dever,* 298 Pa. 146, 151, 152, 148 A. 75. We find in the instant case no such abuse of discretion.

The order is affirmed at appellant's cost.