ST. LOUIS SANITARY LANDFILL COMPANY, a Corporation (Plaintiff), Appellant,

v.

Roy SCOTT, William C. Bernard and Technical Service Corporation, a Corporation (Defendants), Respondents.

No. 28967.

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1955.

Rehearing Denied Feb. 11, 1955.

Victor B. Harris, Smith, Harris & Hanke, St. Louis, for appellant.

Maurice P. Phillips, St. Louis, for respondents.

NOAH WEINSTEIN, Special Judge.

Plaintiff, St. Louis Sanitary Landfill Company, a corporation (appellant here, plaintiff below and hereafter referred to as plaintiff) is engaged in the business of disposing of trash by the sanitary landfill method at plaintiff's dump, located at 509 Doddridge Street, which is approximately 8500 north, in the City of St. Louis, Missouri.

Plaintiff leases the ground for its dump at a rental of $1 per year. Plaintiff has been in business since April 1, 1952.

In October, 1952, Roy Scott, one of the respondents here, and one of the defendants below, applied to the Board of Public Service of the City of St. Louis for a permit to operate a sanitary landfill to be known as the "Short Haul Dump" located approximately three miles closer to the center of the City of St. Louis than plaintiff's operation, and on land owned or controlled by Technical Service Corporation, one of the respondents (one of the defendants below). The Short Haul Dump began operating without waiting for the issuance of the permit by the Board of Public Service. At this time plaintiff's sanitary landfill operation was the only one licensed by the Board of Public Service.

On March 3, 1953, plaintiff brought an action in the Circuit Court of the City of St. Louis wherein it sought to enjoin Scott and Technical Service Corporation, its officers and agents from operating or permitting the operation of a sanitary landfill without a permit from the Board of Public Service. Plaintiff's petition alleged, in addition to the matter hereinabove set out, that "Scott commenced illegally operating a sanitary landfill on said property, although the Board of Public Service had not issued him any permit to operate a sanitary landfill" and that as a direct result of the illegal operation of the landfill by Scott, plaintiff had lost the business of a substantial number of its customers to defendants and that the continued operation by defendants of the landfill would cause irreparable damage to plaintiff. After a hearing, the court below on March 6, 1953, issued a temporary injunction enjoining Scott and Technical Service Corporation, its officers, agents, servants and employees from operating or permitting the operation of a sanitary landfill in the City of St. Louis without a permit from the Board of Public Service conditioned upon the plaintiff filing a proper bond in the sum of $7,500.

On May 15, 1953, the Board of Public Service issued a permit to Scott to operate a sanitary landfill on premises owned or controlled by Technical Service Corporation at 5700 North, East Third Street, St. Louis, Missouri. (No permit was issued to Technical Service Corporation.) Scott and Technical Service Corporation thereafter filed in the court below their joint motion to dissolve the temporary injunction issued on March 6, 1953, setting forth as grounds for such relief the issuance of the permit to Scott. On June 12, 1953, the court below ordered the temporary injunction dissolved as to Scott. The order contains no reference to Technical Service Corporation.

The Short Haul Dump again started operating as a sanitary landfill on June 16, 1953.

On June 18, 1953, plaintiff filed an application in the court below requesting that court to issue a citation for contempt against Scott, Technical Service Corporation and one William C. Bernard, President of Technical Service Corporation, alleging that Technical Service Corporation, acting through and with Roy Scott, its agent, employee, partner or joint venturer, commenced operating a sanitary landfill without a permit issued by the Board of Public Service to Technical Service Corporation and further asserting that the said Bernard had full knowledge of the issuance of the temporary injunction of March 6, 1953. On June 24, 1953, a citation for contempt was issued directed to Scott, Technical Service and Bernard. Returns were duly filed by Scott, and Technical Service and Bernard as president of Technical Service.

At the hearing on the contempt citation, the evidence disclosed that prior to May 15, 1953 (the date on which the Board of Public Service issued a permit to Scott to operate a sanitary landfill) Scott was an employee of Technical Service Corporation, but that on or about May 15, 1953, Bernard, as president of Technical Service Corporation, entered into a "new arrangement" with Scott for a period of a year or longer, which provided that Scott would conduct the landfill operation and in connection therewith open a bank account and deposit therein

all receipts and pay all bills involved in the operation of the dump; that Scott's salary would be limited to $100 per week; that the records of receipts and disbursements would be made by Scott and that Scott would lease for $12 a day a bulldozer owned by Technical Service Corporation for use in the operation of the dump. Technical Service Corporation had the right to inspect Scott's books, the operation of the dump and to designate which areas were to be filled and the height thereof. At the end of a fiscal year, Scott and Technical Service were to divide the profits equally but in the event there were no profits, Scott was not further obligated to Technical Service Corporation. Certain improvements required of Scott by the Board of Public Service were made by Technical Service Corporation.

After the hearing on the contempt citation, the court below, on July 14, 1953, entered its order quashing the citation for contempt and dismissing the complaint. Plaintiff's Motion for New Trial was filed on July 23, 1953. On December 4, 1953, this Court sustained plaintiff's motion for leave to file Notice of Appeal in the Circuit Court of the City of St. Louis after the time prescribed by statute and granted plaintiff ten days in which to file said Notice of Appeal, and on December 11, 1953, plaintiff duly filed its Notice of Appeal to this Court.

Plaintiff complains that it was error not to find Technical Service Corporation or Bernard guilty of contempt for violating the temporary injunction restraining them from operating the landfill without a permit; that the granting of a permit to operate such a landfill to Scott was not a permit to Technical Service Corporation.

■ While the proceeding that we are concerned with is one for contempt of court, it is not a proceeding whose purpose is to vindicate and uphold the authority of the court so as to be criminal in its nature and fundamental aspects. On the contrary, it represents, to all intents and purposes, a controversy between plaintiff, who is insisting upon obedience to the injunction, and the defendants, who are charged with its violation. Consequently, the proceeding is civil or remedial in its nature, with the result that plaintiff, claiming to be aggrieved by the judgment discharging the defendants, Technical Service and Bernard, has the right of appeal as in any other civil action. Popsickle Corporation of United States v. Pearlstein, Mo.App., 168 S.W.2d 105, 107. In re Clark, 208 Mo. 121, 144, 106 S.W. 990, 15 L.R.A.,N.S., 389.

■ Plaintiff alleged injury to its business by loss of it customers to defendants because of defendants' operation without a permit required by ordinance, and the court below issued its temporary injunction in this particular instance apparently for the purpose of preventing irreparable injury resulting therefrom to plaintiff's property rights. Clark v. Crown Drug Co., 348 Mo. 91, 152 S.W.2d 145; Missouri Veterinary Medical Ass'n v. Glisan, Mo.App., 230 S.W. 2d 169. In refusing to cite defendants for contempt for the alleged violation of its injunctive order the trial court has apparently determined that whatever improper competitive disadvantage plaintiff may have suffered by reason of the failure of Scott and Technical Service Corporation to secure a permit has been removed by the obtaining of a permit by Scott. Such improper competitive disadvantage having been removed, whatever damage would normally result from mere competition is not such injury as would support a cause of action, 87 C.J.S., Trade-Marks, Trade-Names, and Unfair Competition, § 98, page 345, and equity will not intervene solely to enforce an ordinance at the behest of plaintiff without anything more. Missouri Veterinary Medical Ass'n v. Glisan, supra. It should be noted that we are not here determining that defendants' acts in connection with the landfill operation are or are not violative of any ordinance since such determination is not necessary in disposing of this case.

■ This court has held that the trial court may within its discretion discharge persons cited for contempt in violating an injunction. Fiedler v. Bambrick Bros. Construction Co., 162 Mo.App. 528, 535, 537, 142 S.W. 1111. See also 17 C.J.S., Con-

tempt, § 92, page 134. It likewise seems to be well established that where the court has jurisdiction in contempt proceedings, its judgment will not be disturbed except where such discretion has been grossly abused. East and West Coast Service Corporation v. Papahagis, 1942, 344 Pa. 188, 25 A.2d 341, 342. 17 C.J.S., Contempt, § 124, page 170. In this connection see Willett v. Tichenor, Mo.App., 220 S.W. 709, where this court found that the trial court had abused its discretion and reversed the judgment of the trial court holding a defendant guilty of contempt in violating an injunction.

For the reasons stated above, we conclude that the trial court did not abuse its discretion in quashing the citation for contempt.

The order and judgment of the Circuit Court of the City of St. Louis should be affirmed and it is so ordered.

ANDERSON, P. J., concurs.