H. Sam CLARK, Appellant,

v.

FRANCIS B. FREEMAN CONSTRUCTION COMPANY, INC., and Francis B. Freeman, Respondents.

No. KCD 27416.

Missouri Court of Appeals, Kansas City District.

March 29, 1976.

M. Sperry Hickman, Independence, for appellant; M. Sperry Hickman, Inc., Independence, of counsel.

Joseph W. Amick, Kansas City, for respondents; Welch & Austin, Kansas City, of counsel.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

This is a civil action for contempt of a restraining order in which the trial court's judgment was in favor of the defendant and the agents of the defendant corporation and against the plaintiff. Plaintiff's sole point on this appeal is as follows: "The court erred in holding that plaintiff failed to sustain the burden of proof and that defendants were not guilty of contempt of the restraining order dated May 21, 1973, because there was clear and convincing evidence that the restraining order was violated when Joe Freeman, officer and agent of defendants admitted that he transferred in July of 1973, the title of two pieces of equipment to F. B. & F. Construction Company which was a date after the restraining order was issued. The evidence further showed that the vehicles in question, as well as others, were licensed in Alabama and Texas, and that these vehicles were observed in the state of Alabama after the date of the restraining order issued May 21, 1973, and that defendants and each of them violated the court order in interfering with plaintiff's right to peaceful possession of the vehicles and equipment listed on the restraining order."

This cause of action was commenced in the circuit court of Cass County, Missouri, by the filing of a petition in equity seeking specific performance of a contract between plaintiff, H. Sam Clark, against defendants, Francis B. Freeman Construction Company, a Missouri corporation, and Francis B. Freeman, the defendants later taking a change of venue to the circuit court of Johnson County, Missouri. The petition was based upon allegations that plaintiff purchased from defendants a large number of items of construction equipment which were unique chattels in that, as a whole, they comprised a construction unit, fitted to the particular purpose of laying underground telephone cable. The petition further sought injunctive relief against defendants asking that they, the defendants, and their agents and servants be restrained and enjoined from "selling or otherwise disposing or encumbering the items described in this petition as located in Missouri, Oklahoma, and Texas, or otherwise interfering with plaintiff's peaceful possession of said equipment and vehicles." Thereafter, on the 21st day of May, 1973, the court issued its temporary restraining order as per plaintiff's prayer. In the order the court restrained the defendants from selling, encumbering, disposing or interfering with plaintiff's possession of the equipment listed therein.

Thereafter, on the 9th day of April, 1974, there was filed a petition for order to show

cause why defendants and their agents should not be punished for contempt for violating temporary restraining order. Said petition alleged specifically that defendants, and their agents, Francis B. Freeman, Joe Freeman and Willous Bevins did violate the temporary restraining order in "that they have sold or otherwise disposed of some of said equipment and vehicles, particularly: 1970 Ford ¾ Ton Pickup F25 YKH92165, and 1974 Ford ¾ Ton Pickup F25YKN68206, as well as other equipment."

Thereafter, on April 15, 1974, there was filed a citation for contempt, commanding Francis B. Freeman Construction Company, Inc., a Missouri corporation, Francis B. Freeman, Joe Freeman, and Willous Bevins to show cause on May 20, 1974, at 9:30 a. m., why they should not be adjudged in contempt for an alleged violation of the temporary restraining order rendered on May 21, 1973.

The following evidence was adduced at the May 20 hearing. Francis B. Freeman and Joe Freeman are president and vice president respectively, of the Francis B. Freeman Construction Company. Francis B. Freeman, Willous Bevins and Joe Freeman are also officers and shareholders in the F.B. & F. Construction Company, Inc. F.B. & F. Construction Company was the general contractor for the Alabama State Telephone Company which is a member of the Continental Telephone System. The evidence showed that some equipment of the Francis B. Freeman Construction Company was in use by the F.B. & F. Construction Company. F.B. & F. paints its equipment white and places its "logo" [meaning sign] on it. Some of the Freeman Construction Company equipment was painted white and the F.B. & F. logo put on it for purposes of uniformity. The telephone company wanted F.B. & F. equipment to be uniform in appearance. Certain equipment, such as back hoes, trenchers, cable plows, and vibrator plows were not painted white but remained the original yellow Freeman color. At the time of trial, Freeman Construction Company did not have any work in progress. F.B. & F.'s work was all in the general vicinity of the state of Alabama and F.B. & F. Construction Company is currently using ten or twelve pieces of equipment owned by Freeman Construction Company. There was no attempt to sell any of the items of equipment owned by Freeman, nor, so far as Joe Freeman knew, was there any mortgage on any of the equipment.

Concerning the two Ford pickups on which the certificates of title were actually transferred from Freeman Construction Company to F.B. & F. Construction Company, the reason for the transfer of title was to avoid a licensing problem. The titles were originally transferred in July of 1973, and they were transferred back to Freeman Construction Company on April 20, 1974, on the advice of their attorney. Other than the two pickup trucks, no other equipment was transferred. There has not been any sale, gift or transfer of any other rolling or non-rolling stock of Freeman Construction Company. On May 28, 1974, judgment was filed in part as follows: "That the plaintiff has failed to sustain the burden of proof necessary for this Court to hold that the defendants are guilty of contempt of the Court's order dated May 21, 1973 . . . That they each should be discharged." It is from this judgment that the plaintiff appeals.

It is the rule in Missouri that the trial court's judgment in a contempt action will not be disturbed unless its discretion has been grossly abused. *St. Louis Sanitary Landfill Company v. Scott,* 274 S.W.2d 585 (Mo.App.1955); *Fiedler v. Bambrick Bros. Construction Co.,* 162 Mo.App. 528, 142 S.W. 1111 (1912); 17 C.J.S. Contempt § 124(5), p. 343. A review of the record shows no such abuse of discretion in the instant case. The trial court could properly find that the retransfer of title on the two Ford Pickups back to Freeman Construction Company was the sufficient purging of the contempt inherent in the original transfer. See 17 C.J.S. Contempt § 105, p. 289; see also *Hoffmeister v. Tod,* 349 S.W.2d 5 (Mo. banc 1961); *McMullin v. Sulgrove,* 459 S.W.2d 383 (Mo. banc 1970); *Willett v.*

**534**

*Tichenor,* 220 S.W. 709 (Mo.App.1920). The trial court could also reasonably find that there was no prohibition in the temporary restraining order that defendants could not use the equipment in their possession or allow others to use certain equipment. Thus, the use of certain Freeman Construction Company equipment by the F.B. & F. Construction Company did not amount to a violation of the temporary restraining order. No abuse of discretion having been shown, the judgment of the trial court is affirmed.

All concur.