James Alvin MAHURIN, Appellant,

v.

Charlotte Ann MAHURIN, Respondent.

No. 45830.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 16, 1983.

David L. Colson, Farmington, for appellant.

Eric C. Harris, Flat River, for respondent.

JAMES K. PREWITT, Special Judge.

The parties were married on December 31, 1955. On July 28, 1975, they signed a separation agreement and a joint petition for dissolution of marriage. On September 19, 1975, the marriage was dissolved. The separation agreement was approved and incorporated into the decree of dissolution. It provided that appellant was to receive "all of the furniture and furnishing now located in the family home ... to have and to hold until his death or remarriage, and then in the event of either of the aforementioned events, to go to the wife as her sole and separate property absolutely." Appellant also received the home in fee. On two occasions after the dissolution became final appellant and respondent lived together in the family home. Respondent last moved out of the family home in June of 1979 and at that time appellant refused to let her have the personal property which she now seeks by replevin.

On November 5, 1979, respondent filed a petition in three counts. Count I sought to modify the decree of dissolution regarding the division of property. Count II sought replevin. It stated that after the parties' marriage was dissolved respondent moved back into what had been their marital residence and brought with her various items of personal property which she is entitled to possession of and which appellant has kept from her. It sought the delivery of the personal property or a judgment for the value of it, together with damages for its depreciation while in appellant's possession. Count III sought a declaratory judgment as to the extent of the property "defined by the ambiguous term 'all of the furniture and furnishing now located in the family home'". Respondent alleged that unless the court specifically determines what furniture and furnishing were included she will suffer an irreplaceable loss and that a "justiciable controversy exists" as to what those items are.

The trial court determined that there cannot be a modification of the division of marital property in a final dissolution decree, see § 452.360.2, RSMo 1978, and sustained appellant's motion to dismiss Count I. That ruling is not contested on appeal. The trial court entered judgment for respondent on Count II and specifically listed the items which it found that respondent was entitled to possession of. The trial court found they were removed by respondent from the marital home "at or near" the time of the dissolution "with the knowledge of" appellant. It also ordered that appellant turn over to respondent certain items purchased by her and received by her as gifts after the dissolution, and awarded her damages of $500. On Count III, seeking declaratory judgment, the trial court specifically determined the articles of "furniture and furnishings" that respondent would be entitled to upon the death or remarriage of appellant.

For his first point appellant asserts that the trial court erred in its findings on Count II and III because they violated § 452.360.2 by modifying the distribution of marital property in the original decree.

Appellant cites *Flanary v. Rowlett,* 612 S.W.2d 47 (Mo.App.1981), and *State ex rel. Robinson v. Crouch,* 616 S.W.2d 587 (Mo. App.1981). We think neither aids the appellant. In Counts II and III respondent is not questioning the validity of a portion of the decree and separation agreement as was the wife in *Flanary,* nor is she seeking a modification as was sought in *Robinson.* She is seeking to determine what she is entitled to presently and what she is entitled to upon appellant's death or remarriage. What are "furniture and furnishing" might be subject to different interpretations and what was in the house at the time of the signing of the separation agreement was not apparent on the record previous to the trial of those counts. Section 452.360.2 does not prohibit respondent's Counts II and III. This point is denied.*

Appellant contends in his second point that respondent failed to sufficiently state a claim for declaratory relief because she did not allege any specific danger to her interests in the "furniture and furnishings" to be retained by appellant. Respondent alleged that she "will suffer irreplaceable loss" of the marital furniture and furnishing retained by appellant unless the court determined the exact items contained within "all of the furniture and furnishing now located in the family home". Appellant contends that the allegation of "irreplaceable loss" was insufficient to allege any danger to her interests because it is a conclusion unsupported by factual allegations.

If respondent's allegations were insufficient they were cured by evidence she offered showing that appellant had given away and sold some of the items which were clearly to be hers upon his death or remarriage and his telling her he could do anything with them he wanted to. This

* No question is raised regarding the propriety of respondent's joining with her motion to modify counts requesting replevin and declaratory

judgment and as the trial court has general jurisdiction over such relief, we confine our discussion to the questions raised.

shows the danger of a loss of additional items, which could be the source of further litigation. This evidence came in without objection and was at least in part responded to and disputed by appellant's evidence. Thus, these matters shall be treated as if they were raised in the pleadings. See Rule 55.33(b); *Arrington v. Loehr,* 619 S.W.2d 888, 890–891 (Mo.App.1981). Point two is denied.

Appellant's third point asserts that the trial court erred in granting respondent's request for replevin and $500 damages because (a) there was no evidence that the furniture and furnishings replevined were not in their home on the day of the dissolution; (b) respondent failed to present evidence to prove the amount of the depreciation of the property; and (c) there was no legal basis for distinguishing between the items replevined and those declared to be retained by appellant with respondent to have the right to receive them upon appellant's death or remarriage.

There was no dispute that respondent was entitled to the items acquired by her after the dissolution. We agree that the evidence did not show that the other items sought by respondent were not in their home when the dissolution was granted. We also agree, except in the particular hereafter mentioned, that the evidence did not show a basis to distinguish which items of their marital property respondent would be entitled to immediately, and which were to remain in appellant's possession until his death or remarriage. The provision in question, and what was to be included in it, was unclear, but the parties' prior actions made that determination.

Appellant admits that he was in the house shortly after the dissolution decree when respondent removed the items which she now seeks. The trial court found that they were removed with his knowledge. He made no claim to them until after respondent moved them back into the house and then left again. As the parties had previously determined what was to be in the possession of each, the trial court reached a correct result. When an agreement is ambiguous the construction placed on it by the parties as evidenced by their acts or conduct will generally be adopted by the court. *Johnston v. First National Bank and Trust Company of Joplin,* 624 S.W.2d 500, 502 (Mo.App.1981). An interpretation placed on a contract by the parties prior to the time it became a matter of controversy is entitled to great, if not controlling, influence in ascertaining the intent and understanding of the parties, and the courts will generally follow such construction. Id.

There was a sufficient basis for the trial court to determine that the property depreciated $500 while appellant was withholding and using it. Depreciation may be the measure of damages for personal property's loss of value caused by its wrongful detention. *Saunders v. Flippo,* 639 S.W.2d 411, 413 (Mo.App.1982). See also Rule 99.12. Appellant refused to let respondent have the property in June of 1979. Trial was held on May 5, 1981. Respondent testified that certain furnishings she purchased after the dissolution were "new" and had depreciated from $2,811 in June of 1979 to "maybe $400" at time of trial. She testified that a sewing machine worth $450 or $500 when she left was now worth "about $175." She also testified that a portable dishwasher which had been given to her was worth $175 when she left and now "probably wouldn't be worth $50." This evidence more than supports the trial court's finding of $500 in damages.

The judgment is affirmed.

SNYDER, P.J., and BRENDAN J. RYAN, Special Judge, concur.