**In re the MARRIAGE OF Edward J. SMITH, Jr., and Lois Anne Smith.**

**Edward J. SMITH, Petitioner-Respondent,**

v.

**Lois Anne SMITH, Respondent-Appellant.**

No. 14204.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 22, 1986.

Charles T. Rouse, Salem, for respondent-appellant.

Ronald D. White, Rolla, Joseph W. Rigler, Joplin, William W. Hoertel, Rolla, for petitioner-respondent.

HOGAN, Presiding Judge.

This appeal is taken from a judgment finding the appellant, Lois Anne Smith, in civil contempt. The action is adjunctive to a decree dissolving the parties' marriage. Among other things, the decree of dissolu-

tion awarded the husband, Edward J. Smith, 50 shares of corporate stock and the marital home. The appellant was ordered to execute all documents necessary to transfer the corporate shares to the petitioner by July 30, 1984, and to vacate the family home on or before October 16, 1984.

The appellant very promptly appealed to this court, contending that her award of child support was inadequate, that the trial court's allowance of rehabilitative maintenance was inadequate and that the division of property was unjust. A notice of appeal was filed on August 3, 1984. No supersedeas bond was executed. The appeal was submitted at the regular November 1985 session of this court at Poplar Bluff. In due course, an opinion on the merits was filed, and the mandate of this court issued January 6, 1986. See *Smith v. Smith,* 702 S.W.2d 505 (Mo.App.1985). The proceeding now under consideration represents an attempt on the part of Edward Smith to enforce part of the decree while the appeal was pending. We conclude the judgment of the trial court must be affirmed.

By way of general background in this case, it may be said that on October 18, 1984, petitioner Edward Smith filed a motion in the Circuit Court of Dent County alleging that the appellant had refused to complete the transfer of the corporate shares and had refused to vacate the family home. An order to show cause was issued and was personally served on the appellant. A hearing was held on November 7, 1984, and on January 9, 1985, the court found the appellant in contempt. On March 14, 1985, the contempt proceeding was called for hearing. An order setting a supersedeas bond was filed. A warrant for the appellant's arrest issued and was executed by the Sheriff. The appellant gave notice of appeal. An order setting a bail bond was filed. The bond was approved by the clerk and the appellant was released. We suppose there has been sufficient enforcement to make the contempt order appealable. See *Niehoff v. Forney,* 692 S.W.2d 635, 637[2–4] (Mo.App.1985); *Hamilton v. Hamilton,* 661 S.W.2d 82 (Mo.App. 1983).

■ The appellant's first point on appeal is that the trial court was utterly without jurisdiction to enforce its judgment while the case was pending on appeal. In support of this contention, counsel cites a number of cases. Respondent's suggestion is that this court "needs to make a definitive statement" concerning the power of a trial court to enforce its orders while the judgment rendered is on appeal. This court has neither the authority nor the inclination to make any "definitive" statement concerning the authority of a trial court to enforce its orders in a dissolution case while its decree is on appeal, and we confine our ruling to the facts before us, noting preliminarily that at various stages of the dissolution action and this proceeding, the appellant was three times given permission to file a supersedeas bond and failed to do so.

Some of the cases cited by the appellant deal with a trial court's authority to *modify* its judgment after appeal. Among those cases is *State ex rel. Stone v. Ferriss,* 369 S.W.2d 244 (Mo. banc 1963). In that case, the court held that a divorce court could make an ad interim order with respect to the temporary custody of children pending the appeal, notwithstanding the giving of a statutory supersedeas, upon a showing and proof that their welfare would otherwise be substantially endangered. *State ex rel. Stone v. Ferriss,* 369 S.W.2d at 251[8]. *B.M.P. v. G.H.P.,* 612 S.W.2d 843 (Mo.App. 1981), also cited, merely applied the principles already stated in *State ex rel. Stone v. Ferriss,* 369 S.W.2d 244. We are not dealing with an attempt to *modify* the decree; what was sought here was an *enforcement* of the decree. By statute, § 452.360.2, an order of dissolution as it affects distribution of marital property is final and cannot be modified.

The appellant also cites *McNealey v. Rouse,* 264 S.W. 383, 386[6] (Mo. banc 1924), in which our Supreme Court ruled that no litigant can be held in criminal contempt for failure to obey a trial court's order while his cause is pending on appeal. The case at hand does not involve a "crimi-

nal contempt." The object of the order appealed from was not to punish the appellant; rather, its function was to provide Edward Smith a coercive means to compel the appellant to comply with the relief granted to her adversary. *Teefey v. Teefey*, 533 S.W.2d 563, 565–66[2] (Mo. banc 1976). *McNealey* is not controlling.

The second appeal in *Carr v. Carr*, 253 S.W.2d 191 (Mo.1952), is cited as controlling. In that case, our Supreme Court set aside a general execution which the wife had sued out to enforce a judgment for permanent alimony while the case was pending on appeal without any supersedeas bond. On the first appeal, *Carr v. Carr*, 232 S.W.2d 488 (Mo.1950), the Supreme Court had held the award of alimony to be excessive. On the second appeal, the same court set aside the first execution, but held that the wife might have execution for the reduced amount. *Carr v. Carr*, 253 S.W.2d at 196. A careful reading of the two *Carr* appeals indicates that our Supreme Court's rationale on the second appeal was twofold: first, a judgment creditor who levies execution while appeal is pending does so at his peril and further, that under the old divorce act, any appeal, with or without supersedeas, put an award of gross alimony in issue because the court's power to award alimony was incident to the decree of divorce. *Carr v. Carr*, 253 S.W.2d at 194[4]. The trial court's power to divide marital property and award non-marital property is still incident to its power to dissolve the marriage. However, under the present statute, a dissolution litigant who does not appeal the finding that the marriage is irretrievably broken *admits* the power of the trial court to dissolve the marriage and as an incident thereto, to make a division of property. Section 452.360.1, RSMo 1978. And, of course, if Edward Smith had or has taken possession of the marital residence, he is now obliged to restore it, but no such taking, much less any sale, is demonstrated on this record.

The only issue raised by the appellant's first point is the power of a dissolution court to enforce its decree dividing property pending an appeal taken without supersedeas. Appellant further suggests that the enactment of former § 512.070 in 1943 changed the law. We do not agree. We believe the law controlling this case was accurately stated by our colleagues at St. Louis in *Green v. Perr*, 238 S.W.2d 922, 923 (Mo.App.1951), thus:

"The recognized purpose of a supersedeas bond is to stay the execution or enforcement, pending the appeal, of any order or judgment which commands or permits some act to be done, or which is of a nature to be actively enforced against the party affected, where the case is not within the class of cases in which the appeal itself operates as a supersedeas [citation omitted]."

The court went on to explain that if a particular order was not self-executing, but required something to be done to carry it into effect, the cause appealed is not a case in which the appeal itself operates as a supersedeas. *Id.* at 923. State ex rel. *Stone v. Ferriss*, 369 S.W.2d at 251, may have modified *Green v. Perr*; it did not overrule the general principles quoted and restated in *Green v. Perr*. Rule 74.33 clearly gave the trial court authority to enforce its order to transfer the stock and its order to deliver the house by contempt; the law just cited demonstrates that a statutory supersedeas bond was necessary to suspend its power to enforce its decree pending appeal. The appellant's first point is without merit.

■ The appellant's second point is that the trial court erred in finding her in contempt without prima facie evidence that her conduct had been contumacious. The petitioner in a civil contempt proceeding makes a case by proving entry of the decree and default on the part of the alleged contemnor. The burden then shifts to the alleged contemnor to prove his inability to carry out the terms of the decree. *Owsley v. Owsley*, 693 S.W.2d 897, 898[2, 3] (Mo. App.1985); *Huber v. Huber*, 649 S.W.2d 955, 958[1–4] (Mo.App.1983); *In re Marriage of Vanet*, 544 S.W.2d 236, 246[12, 13] (Mo.App.1976). The evidence adduced

clearly showed the requirements of the decree and the appellant's refusal to comply. The trial court was not obliged to believe her evidence that she could not comply with the provisions of the decree which the petitioner sought to enforce.

As a third point, the appellant argues that the trial court abused its discretion in holding her in contempt because she was unemployed and had two small children to look after. We bear in mind that a motion for civil contempt is addressed to the sound discretion of the trial court, and an appellate court should not disturb that judgment unless it is convinced there has been a clear abuse of that discretion. *Hoog v. Hoog*, 545 S.W.2d at 303, 306[3] (Mo.App.1976); *Clark v. Francis B. Freeman Const. Co., Inc.*, 535 S.W.2d 531, 533[1, 2] (Mo.App.1976). While it is true that a trial court should not order incarceration unless it is convinced that the contemnor is financially or otherwise able to comply with its order, *Owsley v. Owsley*, 693 S.W.2d at 898[2, 3]; *Huber v. Huber*, 649 S.W.2d at 958[1–4], the thrust of the appellant's testimony on trial was that she had not complied with the decree on the advice of counsel, not that compliance with the decree would work some irreparable hardship on her or her children. At one point, the appellant stated "we don't have the means to move," but the record also discloses that the appellant had found the means to go to New Jersey for about a month between August 11 and September 12, 1984. In fact, at one point, the appellant seems to have been ready to move. As for the transfer of the stock, only her signature on the stock transfer documents was required. We find no abuse of discretion.

As a final point, the appellant argues that the trial court erred and abused its discretion in finding her in civil contempt because the petitioner came into court with "unclean hands." The doctrine of "unclean hands" has been said to mean that one who has engaged in inequitable activity regarding the very matter for which he seeks relief may find his action barred by his own misconduct. *Mahaffy v. City of Woodson Terrace*, 609 S.W.2d 233, 238 (Mo.App.1980). The doctrine of unclean hands is not available as a defense to an action at law. *Russell v. Casebolt*, 384 S.W.2d 548, 553[2, 3], 11 A.L.R.3d 1144 (Mo.1964). Rule 74.33 in its present form is but a rescript of a statute which has been on the books for many years, § 511.-340, RSMo 1978. Setting aside enforcement by sequestration, which is not involved here, the statute and the rule provide a *legal* remedy for the enforcement of judgments requiring the performance of any act other than the payment of money. *Sedberry v. Gwynn*, 282 Mo. 632, 647–48, 222 S.W. 783, 787–88 (1920). The defense of "unclean hands" was not available to the appellant in this case. In any event, the appellant has now been relieved of any obligation to move. She has only to sign papers and may already have done so.

We find no error in any respect assigned as such in this court. Accordingly, the judgment ordering the appellant to assign the corporate stock to the petitioner is affirmed. The finding that appellant stood in contempt of a lawful order of the trial court on January 14, 1985, is also affirmed. The cause is remanded to the Circuit Court of Dent County for a determination of the current status of the appellant and any such other or further process, adjudication or order as may be necessary to secure compliance with the decree as modified.

PREWITT, C.J., and MAUS and CROW, JJ., concur.