**James A. RILEY, Appellant,**

v.

**Stella M. RILEY, Respondent.**

**No. WD 45153.**

Missouri Court of Appeals,
Western District.

Aug. 11, 1992.

Kenneth O. McCutcheon, Jr., Versailles, for appellant.

James F. Crews, Tipton, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

HANNA, Presiding Judge.

This is an appeal by the plaintiff, James A. Riley, the ex-husband of defendant, Stella M. Riley, from a judgment based upon a jury verdict in favor of the defendant on her counterclaim for $100.00 actual damages and $5,000.00 punitive damages. The defendant pleaded and submitted a prima facie tort cause of action.

The marriage of the parties was dissolved July 13, 1988. The court divided the marital property and denied the defendant/wife any maintenance. The court awarded certain personal property to the plaintiff/husband. The defendant refused to return the property to plaintiff or allow him to pick it up, claiming she did not have it. The defendant appealed the denial of maintenance but did not post an appeal bond. While the issue of maintenance was pending on appeal, the plaintiff filed a motion to hold defendant in contempt of the court order that awarded him the personal property. The motion for contempt was heard on June 13, 1989; the court denied the contempt motion on August 8, 1989.

In the meantime, the defendant's appeal was successful. *Riley v. Riley*, 778 S.W.2d 666 (Mo.App.1989). This court remanded the dissolution case on the issues of the division of property and maintenance. The trial court took these matters up on April 16, 1990, and awarded the defendant maintenance and made a property division.

The plaintiff then filed his petition in alternative counts for conversion and replevin. This lawsuit was directed to the same property that was the subject of the plaintiff's motion for contempt. The defendant filed an answer and a cross-claim alleging abuse of process and prima facie tort. A jury trial was held and the competing claims were submitted to a jury, which returned a verdict for plaintiff of $100.00 and also a verdict in favor of the defendant on her cross-claim for $100.00 actual damages and $5,000.00 punitive damages. Plaintiff appeals the jury award to the defendant for actual and punitive damages recovered pursuant to her prima facie tort theory.

■ The claim of prima facie tort, in Missouri, originated in *Porter v. Crawford & Co.*, 611 S.W.2d 265 (Mo.App.1980). The elements are: 1) An intentional lawful act by the plaintiff; 2) An intent to cause an injury to the defendant; 3) Injury to defendant; and 4) An absence of any justification or an insufficient justification for the plaintiff's act. *Id.* at 268. The parties concede that the first element is satisfied because the filing of the motion for contempt and the lawsuit for conversion and replevin were intentional and they were lawful acts. The parties focus their attention on whether the plaintiff intended to cause injury to the defendant and whether there was an absence of any justification or an insufficient justification for his acts.

Since its inception, the Missouri appellate courts have not treated the prima facie tort action kindly. The Supreme Court in *Brown v. Missouri Pacific R. Co.*, 720 S.W.2d 357, 361 (Mo. banc 1986) commented that no case resulting in a verdict for plaintiff on a prima facie tort theory has been affirmed by the Missouri appellate courts. The Supreme Court in *Dake v. Tuell*, 687 S.W.2d 191, 192 (Mo. banc 1985) spoke of the "misty shroud of prima facie tort." It has been referred to as an enig-

matic action. *Politte v. Politte,* 727 S.W.2d 198, 201 (Mo.App.1987).

A borrower's counterclaim for prima facie tort in *Boatmen's Bank of Butler v. Berwald,* 752 S.W.2d 829 (Mo.App.1988) resulted in a jury verdict of actual and punitive damages. The court noted that since the inception of the prima facie tort, Missouri courts had "significantly limited" the availability of the remedy. *Id.* at 833. The court in *Costello v. Shelter Mut. Ins. Co.,* 697 S.W.2d 236, 237 (Mo.App.1985) said in even stronger language that "[r]ecent decisions have left doubt as to the viability of the prima facie tort theory."

■ The defendant claims that the intentional lawful acts committed by plaintiff were the instigation of two judicial proceedings. She claims the two judicial proceedings that constitute the basis for her prima facie tort action were plaintiff's motion for contempt and this action for conversion and replevin. The defendant claims the filing of these two actions amounted to an improper retaliation, an attempt to coerce her to give to the plaintiff property she did not have, an attempt to cause her to abandon her appeal and to surrender her right to receive the court-ordered maintenance. In this regard, she produced evidence that the motion for contempt with the threat of incarceration was filed when "... (plaintiff) could have utilized normal judgment enforcement efforts." Further, as evidence of plaintiff's wrongful intent, she argues, he would not return her ceramics, greenware, molds, pouring table, and two kilns.

When the plaintiff paid maintenance as required by the court order, he always noted on the check and the envelope "Alimony Paid Under Protest." Further, several months after plaintiff filed this cause of action he wrote a letter to the defendant and offered to dismiss his conversion and replevin lawsuit if she agreed to release her right to maintenance.

We first note that the defendant claims she made a submissible case under both an abuse of process and prima facie tort theories. A review of the record and specifically the verdict director instruction offered by defendant and given by the court, reveals that the defendant's only submission was for prima facie tort. The defendant's counterclaim was not an abuse of process submission. No verdict director instruction for the abuse of process tort was tendered by the defendant or given by the court. Therefore, the arguments made by the defendant that the facts sustained a cause of action for an abuse of process theory are disregarded. She chose to submit the case on prima facie tort theory alone and we will limit our review to that cause of action. *See Farmers and Merchants Ins. Co. v. Cologna,* 736 S.W.2d 559, 564–65 (Mo.App. 1987).

■ This case presents a question of submissibility and submissibility is a question of law. *Gary Surdyke Yamaha, Inc. v. Donelson,* 743 S.W.2d 522, 523 (Mo.App. 1987). We presume the defendant's evidence to be true and the defendant is given the benefit of all reasonable and favorable inferences drawn from the evidence. *Southwestern Bell Telephone Co. v. Buie,* 758 S.W.2d 157, 164 (Mo.App.1988). However, "[g]ross speculation and conjecture cannot fill the role of a reasonable inference for the purpose of making a submissible case." *Lundberg v. Prudential Ins. Co. of America,* 661 S.W.2d 667, 671 (Mo. App.1983). The fact that injury might be the natural and probable consequences of the plaintiff's act is not sufficient to show "malice" required for prima facie tort. *Dowd v. General Motors Acceptance Corp.,* 685 S.W.2d 868, 874–75 (Mo.App. 1984).

On the requirement of an intent to injure, the defendant's evidence consisted of the letter from plaintiff to the defendant where he offered to dismiss his lawsuit in exchange for a release of her maintenance award, his notation on the defendant's maintenance checks and envelopes "Alimony–Paid Under Protest", and defendant's claim that the plaintiff did not return some of her ceramic equipment.

■ The prima facie tort action requires actual intention to injure, not merely an intent to do the act which may result in

the claimed injury. *Lundberg*, 661 S.W.2d at 670. The intent to cause injury carries a heavy burden of proof. *Shaughnessy v. Mark Twain State Bank*, 715 S.W.2d 944, 949 (Mo.App.1986).

Does the defendant's evidence sustain the heavy burden on the claimant to prove an intent to injure? In *Rooney v. Nat'l Super Markets, Inc.*, 668 S.W.2d 649 (Mo.App.1984) the plaintiff claimed injuries similar to those claimed by defendant in the case at hand. Rooney claimed she was caused to suffer severe mental pain, embarrassment and mental distress as a consequence a severe tongue-lashing. She was also fired by the head of her department. The court found no direct evidence, nor could one reasonably infer from the evidence that the supervisor acted with a specific intent to injure the plaintiff. We must conclude that the evidence in this case reaches the same result. No evidence, nor any inference drawn from it, tends to prove the plaintiff intended to injure her.

■ Even if it can be said that the plaintiff's actions were intended to injure the defendant, the fourth element was not proven. This element denies a cause of action if there was any, or a sufficient justification for plaintiff's acts. *Porter*, 611 S.W.2d at 268. The plaintiff had received an award from the court of certain properties. The court had determined the property belonged to him. He pursued the return of those properties through the Domestic Relations Act, which provides for a contempt of court action when a party willfully disobeys the court order. Being unsuccessful in that action he filed this present action for conversion.

■ On the question of justification, the courts have set forth a balancing of the interest test. Applying the balancing of interest test to the facts in this case compels the conclusion that the balance is weighed against the claimant. Under this test, there are four factors: (1) the nature and seriousness of the harm to the injured party; (2) the interest promoted by the actor's conduct; (3) the character of the means used by the actor; and (4) the actor's motive. *Lundberg*, 661 S.W.2d at 671

and *Kiphart v. Community Fed. Sav. & Loan Ass'n*, 729 S.W.2d 510, 518 (Mo.App.1987). With reference to factor (1), physical harm is weighed more heavily than emotional harm; with reference to factor (2), established privileges or rights are to be afforded proper weight; with reference to factor (3), conduct which offends our societal concepts of fairness and morality favor liability; and with reference to factor (4), the degree of malice motivating the actor may be so overwhelming so as to tip the scales. *Lundberg*, 661 S.W.2d at 671.

Defendant does not claim physical injury but makes a claim for emotional distress of short duration. The evidence of her emotional injury came from the defendant only and was not substantiated by medical testimony. On this point the balance is in favor of plaintiff.

The plaintiff had every right to pursue a contempt of court action for return of his property even though the issues in the dissolution were pending on appeal where the appellant failed to post a supersedeas bond. The case of *In re Marriage of Smith*, 721 S.W.2d 782 (Mo.App.1986) is instructive. The court had awarded the husband fifty shares of corporate stock and the marital home. The wife claimed that the trial court was without jurisdiction to enforce its judgment while the case was pending on appeal even though she had not filed a supersedeas bond. The husband filed a motion for contempt to compel her to comply with the terms of the order while the case was on appeal. The court held that Rule 74.33 "clearly gave the trial court authority to enforce its order to transfer the stock and to deliver the house by contempt; the law just cited demonstrates that a statutory supersedeas bond [is] necessary to suspend [a court's] power to enforce its decree pending appeal." *Id.* at 784.

The case of *Mahurin v. Mahurin*, 656 S.W.2d 823 (Mo.App.1983) provides direction concerning whether the plaintiff had an established right to file a lawsuit for conversion. The former wife brought a three count petition, which included a count requesting delivery of personal property awarded to her or for value of the personal

property. *Id.* at 824. The wife claimed that the husband was withholding and using the property. On appeal, the court affirmed the trial court's judgment of $500.00 for the depreciation in value of the wrongfully withheld property. *Id.* at 825.

In *Centerre Bank of Kansas City, N.A. v. Distributors, Inc.,* 705 S.W.2d 42 (Mo. App.1985) a jury verdict was rendered against Centerre for having acted without justification by calling in a promissory note. The jury awarded the maker of the note actual and punitive damages under a prima facie tort theory. Although there was evidence of personal animosity and intent to injure, this court held that the bank had a valid reason for calling the note, a legal right to do so, and a valid economic interest in doing so. *Id.* at 54. As a matter of law, there was sufficient justification to defeat the claim for prima facie tort. *Id.* at 55.

The plaintiff's acts are unkind but they are no more than evidence of the rough edges of society. Those acts do not sustain a cause of action because the defendant is unable to prove the heavy burden of an intent to injure, nor has she proven a lack of substantial justification. The plaintiff properly followed established procedure in pursuit of his right. The plaintiff's acts do not rise to the level of offending or shocking society's sense of fairness.

The judgment for defendant against plaintiff for $100.00 actual damages and $5,000.00 punitive damages is reversed.

All concur.