J-A02035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WENDY ANN JONES KEAHEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE BRUCE KEAHEY | |
| Appellant | No. 952 EDA 2014 |

Appeal from the Order Dated March 12, 2014
In the Court of Common Pleas of Delaware County
Domestic Relations at No(s): 164111368
2009-03221

| | |
|---|---|
| GEORGE BRUCE KEAHEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WENDY ANN JONES KEAHEY | |
| Appellee | No. 1022 EDA 2014 |

Appeal from the Order Dated March 12, 2014
In the Court of Common Pleas of Delaware County
Domestic Relations at No(s): 09-15560

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 24, 2015**

Appellant, George Bruce Keahey ("Husband"), appeals from the order entered March 12, 2014, which found him in contempt of the trial court's three separate orders directing him to pay Wendy Ann Jones Keahy's

("Wife") counsel fees during their protracted and litigious divorce. After careful review, we affirm.

We need not extensively detail the factual and procedural history of this matter. We refer the reader to the trial court's exhaustive recitation at pages 4-24 of its opinion filed July 21, 2014.

By way of relevant summary, Husband filed a complaint in divorce on November 30, 2009. While equitable distribution was pending, the trial court entered an order on March 15, 2011, directing Husband to pay $500 in counsel fees to Wife for Husband's failure to pay a parking ticket and three EZ-Pass violations he had incurred while driving a vehicle titled in Wife's name. Husband does not contest the trial court's finding that he has never paid Wife anything pursuant to this order.

On June 19, 2013, the trial court assessed $406.23 in counsel fees against Husband due to his failure to appear at a scheduled hearing on Wife's counsel fees *pendente lite*. Once again, Husband does not assert that he has paid Wife anything pursuant to this order.

Finally, on November 18, 2013, the trial court entered an order awarding Wife $15,000 in interim counsel fees. Husband does not contend that he has made any payments pursuant to this order, either.

Wife subsequently filed a petition for contempt against Husband, alleging that he was in contempt of each of these three orders. The trial court held a hearing on March 5, 2014, and subsequently entered an order

finding Husband in contempt of each of the three orders, and ordered Husband to pay to Wife the amounts set forth in each of the three orders, as well as an additional $910 in counsel fees arising from the prosecution of the contempt petition.

Husband filed a motion for reconsideration, which the trial court denied. This timely appeal followed. Husband filed a Rule 1925(b) statement with the trial court, listing 12 numbered issues, with multiple sub-issues set forth as well. However, on appeal, Husband purports to raise but a single issue: "Whether the lower court abused its discretion by holding the Appellant in contempt on March 27, 2014." This issue is broken down into 5 separate arguments in the argument section of Husband's brief.

"As each court is the exclusive judge of contempts against its process, we will reverse an order of contempt only upon a showing of a plain abuse of discretion." *In re Contempt of Cullen*, 849 A.2d 1207, 1210 (Pa. Super. 2004) (citation omitted). We further explained in *In re Contempt of Cullen* the following:

> To be punished for contempt, a party must not only have violated a court order, but that order must have been definite, clear, and specific—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct. Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the defendant. In such cases, a contradictory order or an order whose specific terms have not been violated will not serve as the basis for a finding of contempt. To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act

constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced.

When holding a person in civil contempt, the court must undertake (1) a rule to show cause; (2) an answer and hearing; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication of contempt....

Fulfillment of all five factors is not mandated, however. [T]he essential due process requisites for a finding of civil contempt are notice and an opportunity to be heard.

*Id*., at 1210-1211 (internal citations, quotation marks, and emphasis omitted).

First, Husband argues that the March 15, 2011 order was too vague to be enforced. Specifically, Husband contends that the order failed to set forth a timeframe for compliance. As a result, Husband implicitly argues, he had an effectively unlimited time to comply with the order. Put simply, this argument is farcical. "In the absence of a definite time fixed by the decree, the time must be construed as either forthwith or within a reasonable time." *East & West Coast Service Corp. v. Papahagis*, 25 A.2d 341, 342 (Pa. 1942). When construing an award of counsel fees, which is aimed at reimbursing a party for expenses incurred in responding to dilatory or abusive conduct, the absence of a prescribed time in the order indicates that compliance is expected immediately. "Payable at the payor's leisure," as argued by Husband, is not a reasonable or even rational construction of such an order. As Husband does not provide a rational alternative, we cannot

conclude that the trial court's order was in any manner ambiguous or insufficiently specific. Husband's first argument on appeal therefore lacks any arguable merit.

Next, Husband contends that he did not willfully violate the June 19, 2013 order, which directed him to pay Wife $406.25 in counsel fees within 20 days. Husband argues that he offered to deduct this amount from credits allegedly due to Husband as a result of a previous overpayment of alimony *pendente lite* to Wife. Once again, Husband's argument strains credulity.

The trial court ordered Husband to pay this amount to Wife for counsel fees incurred at a scheduled hearing where Husband, without good cause, failed to appear. These were costs already incurred by Wife; thus, the 20 day limit was necessary to make Wife whole by allowing her to pay her attorney in a timely manner. The setoff proposed by Husband would not permit Wife to satisfy her costs until some undefined point in the future. Furthermore, nothing in the order required Wife to accept such a setoff in lieu of immediate payment. Once again, Husband's argument on appeal lacks arguable merit.

In his third argument, Husband asserts that the order finding him in contempt is illegal, as he was never permitted to contest the reasonableness

of the counsel fees assessed against him.[1]  For the third time in three attempts, Husband's argument on appeal is patently absurd.  A payor who is alleged to be in contempt of an order assessing alimony *pendente lite* may not re-litigate the underlying alimony award in contempt proceedings.  **See Schoffstall v. Schoffstall**, 527 A.2d 567, 569 (Pa. Super. 1987).  Rather, the payor is entitled to litigate only his present ability to pay the award.  As Husband's third argument on appeal centers on the propriety of the underlying award of interim counsel fees, and not on his present ability to pay, it lacks arguable merit.

Next, Husband contends that the trial court erred in not properly determining whether Husband had the present ability to comply with the underlying orders.  Initially, we note that Husband's argument on this sub-issue consists of a single page, devoid of any citations to the record, save to note a mistake in his own exhibit, or to legal authority.  **See** Pa.R.A.P. 2119(b) and (c).  "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof."  **Branch Banking**

---

[1] Husband's argument regarding compliance with 15 U.S.C.A. § 1673, which is allegedly applicable *via* 23 Pa.C.S.A. § 4348(g), is another attempt to litigate the propriety of the underlying order, and therefore lacks any arguable merit.  In any event, there is no evidence of record that Husband's wages have been attached pursuant to either the November 18, 2013 order or the March 12, 2014 order, and therefore compliance with section 1673 is not mandated by subsection 4348(g).

*and Trust v. Gesiorski*, 904 A.2d 939, 942-943 (Pa. Super. 2006). We therefore find this issue waived on appeal.

In any event, the trial court did consider Husband's ability to pay the underlying orders. At the March 5, 2014 hearing, Husband testified that his yearly expenses were $31,715.76, and that his yearly net income was $48,321.03, after being adjusted for the amount he paid Wife in alimony *pendente lite*. As noted by the trial court, these calculations did not take into account Husband's bonuses, tax refunds, or the tax implications arising from paying alimony *pendente lite*. Even taken at face value, however, Husband's testimony is not sufficient to establish that he could not pay the approximately $1,333 per month in counsel fees assessed by the underlying orders. Husband's fourth issue on appeal lacks arguable merit.

In his fifth and final issue on appeal, Husband asserts that the trial court displayed undue bias against him during the proceedings. However, once again, the majority of Husband's argument consists of challenges to the underlying orders and their effects. As stated previously, Husband was not permitted to re-litigate the propriety of the underlying orders during the contempt proceedings, and we may not reach these issues on appeal from the order finding him in contempt.

In his remaining arguments, Husband contends that the trial court exhibited undue bias in favor of Wife's counsel and against Husband's counsel during the hearing. Even taking Husband's assertions at face value,

such behavior would not obviate the fact that Husband has failed to comply with the underlying orders, and that the trial court's finding that such failure to comply was volitional was supported substantial evidence. We conclude that Husband's argument, even if accepted, fails to entitle him to any relief on appeal.

As we conclude that none of Husband's arguments on appeal have arguable merit, let alone entitle him to relief, we affirm the order of March 12, 2014.

As discussed, Husband's appeal is patently frivolous. Accordingly, we exercise our authority to award, *sua* sponte, attorney's fees and costs to Wife. **See** Pa.R.A.P. Rules 2741(2); 2743; and 2744. Husband shall be responsible for paying the attorney's fees and costs. On remand, the trial court is directed to determine the appropriate amount and set a date for compliance.

Order affirmed. Case remanded for imposition of attorney's fees and costs. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015